## Spain vs. Johnson et al.

1. TAX SALE:

Under the revenue law in force in 1867, it was only as to lands owned by non-residents, that the County Court was authorized, upon the failure ot the collector to sell on the day appointed by law, to direct the sale to be had on a different day.

2. ———: *Collector's deed.*

Where a tax deed relied on in an action of ejectment, fails to show for what year the lands were assessed, that the tracts were assessed separately, or the amount of taxes due on each; and shows that the several tracts were sold together, it is illegal and void.

3. ————; *Tender before suit; waiver, etc.*

In an action to recover land held by the defendant under a tax sale, a failure on the part of the plaintiff to make the tender required by statute, before bringing the suit, must be pleaded in abatement, or it will be regarded as waived.

APPEAL from *Calhoun* Circuit Court.
Hon. G. W. McCoun, Circuit Judge.
*Garland,* for appellant.
*Gallagher & Newton,* for appellees.

HARRISON, J.;

This was an action of ejectment, commenced on the 10th day of January, 1871, by Albert C. Spain against Benj. W. Johnson, Silas A. Pope and Martin V. Mitchell, for a tract of land of 2,540 acres, comprising twenty eight parts or divisions and subdivisions of seven sections.

The transcript before us is very imperfect, or the proceedings below were attended with great irregularity. The answer of Johnson, which the record states was filed, is not found in the transcript; it however appears, that the plaintiff's title was put in issue by all the defendants.

The case was tried by the court, without a jury, upon an agreed statement of facts, and it found in favor of the defendants.

The plaintiff moved for a new trial, on the ground, that the finding of the court was contrary to the evidence. His motion was overruled, and he appealed.

The agreed facts were as follows:

The plaintiff purchased the lands, some from the State of Arkansas, and the others from the United States, in 1860, and had since received the patents for the same.

They were duly assessed in 1866, in his name, for the taxes of that and the preceeding year.

They were sold by the collector of taxes, on the 23d day of August, 1867, and were bought by Alexander Mason, who re-ceived from the collector, a certificate of purchase. Mason assigned the certificate of purchase to the defendant, Johnson, to whom the county clerk, on the 23rd day of August, 1869, executed the deed hereinafter set out.

The defendants were then, and had been ever since the execution of the deed, in possession of the lands.

And the plaintiff, before the writ was issued, filed in the office of the clerk, an affidavit that he had tendered to said Johnson, the taxes and costs *first* paid on account of the lands, with one hundred per cent. interest thereon, and twenty-five per cent. interest on all costs and taxes afterwards paid; and the full value of all improvements made thereon; and that the same had been refused.

The deed from the clerk was as follows :

STATE OF ARKANSAS, ⎫
COUNTY OF CALHOUN. ⎭

Whereas, it appears from the records of the County Court that, pursuant to an order of the County Court of Calhoun County, that Augustus G. Barker, as collector of revenue for the county of Calhoun, and the State aforesaid, did sell, for the non-payment of taxes, on the 15th day of June, A. D. 1867, the following lands, viz :  The southwest quarter of southwest quarter, the southeast quarter of southwest quarter, east half of southeast quarter, southwest quarter, west half of southeast quarter, south half of northwest quarter of section 2, southeast quarter of northwest quarter, southeast quarter, south half of northeast quarter, east half of southwest quarter of section 4, northwest quarter of southeast quarter, north half of southwest quarter, southeast quarter of southeast quarter, northeast quarter of northwest quarter, northeast quarter of southeast quarter section 9, north

half and north half of south half section 10, east half of north-west quarter, northwest quarter of northwest quarter, northeast quarter of southwest quarter, northeast quarter of northwest quarter of southeast quarter of section 10, east half of north-west quarter, northwest quarter of northwest quarter and the northwest quarter of southwest quarter, west half of northeast quarter, northeast quarter of southeast quarter of section 12, all in township 14 south, range 16 west; when the same, on said day, was offered for sale by the collector of said county, to satisfy said taxes, penalty and costs then remaining due and unpaid, which said taxes, penalty and costs amounted to the sum of $87.50 ; and all the aforedescribed lands were struck off to Alexander Mason, he bidding the amount of taxes, penalty and costs for the lands.     And it further appearing that the said Alexander Mason afterwards, to-wit, on the 1st day of August, 1869, sold to Ben. W. Johnson, as appearing from transfer on certificate of purchase, by said collector to said Mason given.     And whereas, it also appears that said lands were sold for taxes, penalty and costs, as the property of Albertus C. Spain ; and it further appearing that the said Albertus C. Spain, nor any other person for him, and no other person having the right has made application for the redemption of said lands, and the time fixed by law for the redemption having expired :

Now, therefore, I, James H. Means, clerk of the County Court in and for the county of Calhoun, and State of Arkansas, by virtue of authority in me vested by law, have this day made and executed, and by these presents do grant, sell, bargain and convey unto the said Ben. W. Johnson all the above and foregoing described lands, with the hereditaments and appurtenances thereto belonging, or in any wise appertaining, to have and to hold the above described lands unto the said Ben. W. Johnson, his heirs and assigns forever, so far as I, by law, have the power and authority to warrant the same.

In testimony whereof, I have hereunto set my hand, and affixed the seal of my office, at office, at the town of Hampton, this 23d day of August, A. D. 1869.

[L. S.]                                    JAMES H. MEANS,

Clerk of Calhoun County, Arkansas,

A sale of lands for taxes on any other day than that fixed by law, unless so ordered by the County Court, is void. *McDermott* v. *Scully*, 27 Ark., 226; *Hogins* v. *Brashears*, 13 Ark., 242.

And, according to the statute in force in 1867, it was only in the case of non-residents' lands the court was authorized, when the collector, from some cause, had failed to offer them on that day, which was the second Monday in March, to direct a sale of them on a day thereafter. Gould's Digest, Ch. 148, sec. 136.

The deed recites or refers to an order of the court for the sale on the 23d day of August, but it does not show the lands belonged to or were assessed to a non-resident; nor is it shown, if it might be, by the agreed statement of facts.

It would be difficult to point out every objection appearing upon the face of the deed. It does not show for what years the lands were assessed; that the tracts were assessed separately; the taxes due on each; and it appears that they were not offered separately, but sold together in a body.

The sale was clearly illegal and the deed void. Gould's Digest, Ch. 148, secs, 14, 23, 114, 115, 118, 119; *McDermott* v. *Scully*, *supra;* *Hogins* v. *Brashears*, *supra;* *Bonnell* v. *Roane*, 20 Ark., 114.

The finding of the court was against the evidence, and it should have sustained the plaintiff's motion, and awarded him a new trial.

But it is insisted by the appellees, that as it does not appear the plaintiff showed, by his affidavit before the commencement of the action, that he tendered the defendant Johnson the taxes and

costs paid on the lands after the alleged purchase, as well as those first paid, his action should have been dismissed.

No plea in abatement was filed, nor motion to dismiss the suit seems to have been made.  It was a matter the defendants could waive, and which, if passed in the court below without objection, should be regarded here as waived.

But it does not appear that such an affidavit as required by the statute, sec. 2267 Gantt's Digest, was not filed.  The admission in the agreed statement of facts, that an affidavit of the tender of the taxes and costs first paid was filed, does not preclude the very probable fact, that it was to the tender of those subsequently paid also.

The judgment is reversed and the cause remanded, with instructions to grant the plaintiff a new trial.