## TRIGG *v.* RAY.

Opinion delivered May 29, 1897.

EJECTMENT—TAX TITLE—WAIVER OF OBJECTION.—A defendant in eject-
ment who files an answer to the merits, relying upon a tax title, cannot
six months thereafter move to dismiss the complaint for failure of the
plaintiff to file the affidavit of tender of taxes required by § 2595,
Sand. & H. Dig., but will be held to have waived such objection. (Page
151.)

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*J. H. Crawford*, for appellant.

It was error to dismiss the action because the affidavit of
tender was not made. The answer, filed six months before the
motion to dismiss, was a complete waiver of the statutory for-
mality. 35 Ark. 170, 174; 46 Pac. 144; 6 Ind. App. 207; 33
N. E. Rep. 254; 24 S. E. Rep. 412; 51 Ark. 397. See also
Cooley, Taxation (2 Ed.), 550–554.

*E. H. Vance, Jr.*, and *Hugh McCollum*, for appellee.

It was not error to dismiss the action. Sand. & H. Dig.,
§§ 2595–6–7; 51 Ark. 400; 21 *id*. 379; 23 *id*. 644; 28 *id*.
299; 41 *id*. 149; 43 *id*. 405; 61 *id*. 456.

HUGHES, J. This is an action of ejectment to recover
the possession of land. Defendant filed answer on February
13, 1895, setting up a defense to the merits. August 8, 1895,
defendant filed a motion to dismiss because the plaintiff had
not filed affidavit of tender of taxes, etc., as required by section
2595, Sandels & Hill's Digest, which is as follows: "No
person shall maintain an action for the recovery of any lands,
or for the possession thereof, against any person who may hold
such lands by virtue of a purchase thereof, at a sale by the
collector or commissioner of state lands, for the non-payment
of taxes, or who may have purchased the same from the state
by virtue of any act providing for the sale of lands forfeited

to the state for the non-payment of taxes, or who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of the writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such land in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for said lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns, or tenants, after the period allowed for the redemption of lands sold for taxes, and that the same hath been refused," Section 2596 makes it the duty of the court to dismiss the action at cost of plaintiff where the affidavit is not filed.

The circuit court sustained the motion to dismiss, because the plaintiff had not filed the affidavit as required by section 2595, Sandels & Hill's Digest. This was error. The plaintiff had not by motion, nor in his answer, moved to dismiss, nor set up the want of tender, but, on the contrary, had, in his answer, asked for allowance of taxes, etc., if he should fail in his defense. The want of tender is matter in abatement, and may be taken advantage of by motion or in the answer. *Pope* v. *Macon*, 23 Ark. 644. Nearly six months before filing his motion to dismiss, the defendant had answered, setting up defense to the merits, and denying plaintiff's right to recover at all. This was clearly a waiver of the right to insist upon the want of tender.

By the common-law system of pleading, matter in abatement was waived by pleading in bar, but such is not the rule under our code system of pleading, but, on the contrary, in the same answer, matter in abatement and matter in bar of the action may be pleaded in separate paragraphs. *Erb* v. *Perkins*, 32 Ark. 432; *Grider* v. *Apperson*, 32 Ark. 332.

Reverse the judgment, and remand, with directions to overrule the motion to dismiss.