## MERCHANTS' MANUF'G CO. v. GRAND TRUNK RY. CO.

*(Circuit Court, S. D. New York.  August 30, 1882.)*

**1. JURISDICTION—FOREIGN CORPORATION.**

When a foreign corporation avails itself of the privileges of doing business in a state whose laws authorized it to be sued there by service of process upon an agent, its assent to that mode of service is implied; and it consents to be amenable to suit by such mode of service as the laws of the state provide, when it invokes the comity of the state for the transaction of its affairs; and waives the right to object to the mode of service of process which the state laws authorize.

**2. SAME—SERVICE OF PROCESS UNDER REV. ST., § 739.**

Under the Revised Statutes, § 739, a foreign corporation is "found" in the district where its agent is served when it does business there, and the state laws authorize such a service.

*Wingate & Cullen,* for complainant.

*Butler, Stillman & Butler,* for defendant.

WALLACE, C. J.   The motion to vacate the service of the writ raises a question of jurisdiction.   The suit is brought by a foreign corporation against a foreign corporation to recover damages for the loss of merchandise of the plaintiff while being transported by the defendant in the dominion of Canada.   It is insisted that the court has no jurisdiction, because the laws of this state provide that an action against a foreign corporation can only be maintained by another foreign corporation in one of the following cases: (1) When brought to recover damages for the breach of a contract made within this state, or relating to property situated within the state at the time of the making thereof; (2) when brought to recover specific real property situated within the state, or a chattel replevied within the state; (3) where the cause of action arose within the state, except when the object of the action is to affect the title to real property situated without the state.

It will not be contended that a citizen of a foreign state can be denied access to this court by a state law, or that jurisdiction over persons or subject-matter which is devolved by the constitution and laws of the United States upon the federal courts can be circumscribed by any legislative action by the state. *Ry. Co.* v. *Whitton,* 13 Wall. 286; *Payne* v. *Hook,* 7 Wall. 427; *The Moses Taylor,* 4 Wall. 411; *Ins. Co.* v. *Morse,* 20 Wall. 445.   Nor is it claimed that a corporation created by another state, which, for all the purposes of suing and being sued in the federal courts, is deemed a citizen of that state, may not maintain an action against another foreign corpora-

tion in these courts upon any cause of action of which the court has jurisdiction, whenever it can obtain due service of process upon the defendant. Neither is it seriously asserted that the cause of action in the present suit is not one of which this court has cognizance.

The real objection, then, if any there be, is that jurisdiction of the person of the defendant cannot be acquired. No suit can be brought in this court "against an inhabitant of the United States by any original process in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ," (Rev. St. § 739;) and the case turns on the point whether the defendant can be "found," within the meaning of this statute, in the district where the suit is brought. The defendant's argument leads to the proposition that a foreign corporation cannot be "found" in this state except to litigate certain specified controversies, of which this is not one.

A corporation, although it cannot migrate beyond the limits of the sovereignity which has created it, may by comity exercise its franchises elsewhere. A foreign corporation can transact business here upon such conditions as may be imposed upon it by the laws of this state. It can be sued whenever the technical obstacles in the way of compelling its appearance do not exist. At common law, process must be served on its principal officer within the jurisdiction of the sovereignity where the corporate body exists. But it can waive this requirement and consent to be served in a different manner, and when it does this it stands on the same footing with a natural person. When it avails itself of the privileges of doing business in a state whose laws authorize it to be sued there by service of process upon an agent, its assent to that mode of service is implied. Accordingly, it has been repeatedly held that a foreign corporation consents to be amenable to suit by such mode of service as the laws of the state provide, when it invokes the comity of the state for the transaction of its affairs. *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Railroad Co.* v. *Harris,* 12 Wall. 81; *Ex parte Schollenberger,* 96 U. S. 369. It waives the right to object to the mode of service of process which the state laws authorize.

The laws of this state enact that a foreign corporation may be served with process within this state by service upon its president, treasurer, or secretary. It is not disputed that the defendant was thus served in the present suit. The authorities referred to, and many others which it is unnecessary to cite, are unanimous to the effect that the corporation is "found" in the district where its agent

is served, when it does business there and the state laws authorize such a mode of service. No question of jurisdiction of the person of the defendant can therefore arise. It may be that the cause of action is one of which the court has not jurisdiction, and the suit will be dismissed for want of jurisdiction of the subject-matter; but this does not affect the jurisdiction over the person of the defendant, which must be acquired before the court can determine whether or not there is any jurisdiction of the subject-matter. The jurisdiction of this court to hear the suit is not derived from the implied consent of the defendant to be sued. It has not consented to be sued in this court by any mode of service. It is here because it has been found here, and it was found here because it voluntarily placed itself in a position where it could be served with process in the manner prescribed by the state laws.

Well-considered authorities have favored the conclusion that a commercial corporation may be deemed constructively present outside the state of its origin, wherever it has property and carries on its operations by its agents; and that service of process upon such agents at such places is good service upon the corporation, even in the absence of local laws authorizing such mode of service. *Moulin* v. *Ins. Co.* 1 Dutcher, 57; *Bushel* v. *Commonwealth Ins. Co.* 15 Serg. & R. 176; *Libbey* v. *Hodgdon*, 9 N. H. 394; *St. Louis Ins. Co.* v. *Cohen*, 9 Mo. 422; *Hayden* v. *Androscoggin Mills*, 1 FED. REP. 93; *Newby* v. *Van Oppen*, 41 L. J. Q. B. 148; *Moch* v. *Virginia Fire Ins. Co.* 10 FED. REP. 696. But it is not necessary, for present purposes, to adopt this opinion.

The motion is denied.

NOTE. Section 739 of the Revised Statutes provides that a defendant can be sued only in the district where he resides or may be found, but corporations may be "found" for the purpose of the service of process where they have an agent and are doing business. *Wheeling etc., Trans. Co.* v. *Baltimore & O. R. Co.* 1 Cin. 311; *Hannibal, etc., R. Co.* v. *Crane*, 102 Ill. 249; *Handy* v. *Ætna Ins. Co.* 37 Ohio St. —; *Wilson Packing Co.* v. *Hunter*, 8 Cent. Law J. 333; S. C. 12 FED. REP. 222, note; *McNichol* v. *Mercantile Ass'n*, 14 Cent. Law J. 51; *Williams* v. *Empire Trans. Co.* 14 O. G. 523; and see *Hale* v. *Cont. L. Ins. Co.* 12 FED. REP. 359; *Lovejoy* v. *Hartford F. Ins. Co.* 11 FED. REP. 63, and note on page 69.—[ED.