## DU PONT v. ABEL.

### (Circuit Court, D. South Carolina. July 2, 1897.)

SERVICE OF PROCESS—PUBLICATION—PROPERTY WITHIN JURISDICTION—JUDG-
MENT AGAINST NONRESIDENT.

Defendant, a resident of New York, held a mortgage on land in South
Carolina, and was proceeding to sell the mortgaged land under a power in
such mortgage. Plaintiff, the mortgagor, brought suit in a state court to
enjoin the sale and to recover damages for breach of contract, and served
defendant by publication. Defendant removed the case to the federal court,
and moved to set aside the service. *Held*, that the state court had jurisdic-
tion of the property right claimed by defendant under the mortgage, and the
service, accordingly, could not be set aside, but that no general judgment
could be taken against defendant, and, in requiring him to plead, it should
be declared that no judgment or decree rendered should affect any interest
or property outside the state of South Carolina.

Murphy & Legare and H. E. Young, for plaintiff.
Mordecai & Gadsden, for defendant.

SIMONTON, Circuit Judge. This case began in the state court
for Charleston county. The defendant holds a mortgage upon lands
of the plaintiff situate in said county, and advertised the lands for sale
under a power contained in the mortgage. The complaint prayed an
injunction and also set up breach of contract on the part of the de-
fendant, and claims damages therefor. In South Carolina the pro-
cedure is governed by the rules of Code pleading. The defendant is a
citizen of New York, and nonresident in this state. On his petition
the cause was removed into this court, and he now moves to set aside
the service of the summons and complaint which had been made under
an order of publication. This he can do; his petition for removal not
being a general appearance, or submission to the jurisdiction. Rail-
way Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126. It is denied that the
state court had any jurisdiction of the case. The defendant was not
within the jurisdiction, but he had property, or at least a claim of
property, under his mortgage, within the state of South Carolina.
He was proceeding upon this mortgage, and exercising his claim to the
property. Indeed, in no other way could plaintiff obtain relief from
the act complained of. She could not attach the debt nor garnishee
herself. The state court clearly had jurisdiction. But another diffi-
culty arises. As defendant cannot be made a party by personal serv-
ice within the jurisdiction, and only becomes such by reason of the
property within the jurisdiction, no general judgment can be had
against him. Such judgment cannot affect any other property than
that within the jurisdiction. The rule is clearly stated in Machine
Co. v. Radcliffe, 137 U. S. 287, 11 Sup. Ct. 92. A personal judgment is
without validity if rendered in a state court in an action upon a money
demand against a nonresident upon whom no personal service within
the state was made, and who did not appear. Such a judgment may
be perfectly valid in the jurisdiction in which it was rendered, and
enforced even against the property, effects, and credits of the nonresi-
dent there situated, but it cannot be enforced or made the foundation
of an action in another state. The defendant therefore does not wish

to appear in person, fearing that he would lose the benefit of this principle, and would subject himself to the claim for personal damages. The present purpose of these proceedings is to secure an injunction against the sale of the plantation. Incidentally, they seek damages. If the damages grew out of, and are inseparably connected with, the injunction, and the equities upon which it is sought, this court, sitting in equity, may go on and administer full relief; grant damages, also. Bird v. Railroad Co., 8 Rich. Eq. 55. If, on the other hand, the question of damages is not so intimately connected with the equities of the case, that question must be decided at law. As in this court the jurisdiction and form of procedure in law and in equity are entirely distinct, in such event the pleadings must be recast. At the present stage it cannot be determined what is, or what will be, the full scope of the case. The defendant's motion to dismiss the case must be refused. He is, however, entitled to protection. Let him plead to the complaint on or before the rule day in August next, taking such defense as he may be advised; it being distinctly understood and now declared that defendant is within this jurisdiction only as to the property right in the mortgage set out in the complaint, and that no judgment or decree of this court can in any way affect any other rights, interest, and property of the defendant except such as are within the district of South Carolina.