# ST. MARY'S FRANCO-AMERICAN PETROLEUM COMPANY v. WEST VIRGINIA.

## ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

No. 98. Submitted November 5, 1906.—Decided December 3, 1906.

A State has power to regulate its own creations and, *a fortiori,* foreign corporations permitted to transact business within its borders. The act of West Virginia, putting all non-resident domestic corporations having their places of business and works outside the State, and all foreign corporations coming into the State, on the same footing in respect to service of process, and making the state auditor their attorney in fact to accept process, is a reasonable classification and not unconstitutional as denying equal protection of the laws, because that provision does not apply to all corporations; nor does it deprive such corporations, without due process of law, of their liberty of contract; nor does the requirement that they pay such auditor an annual fee of ten dollars for services as such attorney amount to a taking of property without due process of law.

THIS is a writ of error to review a judgment of the Supreme Court of Appeals of West Virginia awarding a peremptory writ of mandamus, commanding the St. Mary's Franco-American Petroleum Company, by power of attorney, duly executed, acknowledged and filed in the office of the Auditor for the State of West Virginia, " to appoint said auditor and his successors in office, attorney in fact to accept service of process and notice in this State for said St. Mary's Franco-American Petroleum

Company, and by the same instrument to declare its consent
that service of any process or notice in this State on said
attorney in fact, or his acceptance thereof indorsed thereon,
shall be equivalent for all purposes to, and shall be and consti-
tute, due and legal service upon the said St. Mary's Franco-
American Petroleum Company, and that the petitioner recover
from the respondent, her costs about the prosecution of her
petition in this court in this behalf expended."

It was agreed by the parties that no rule to show cause need
be issued on the petition for mandamus, nor any alternative
writ, but that the petition might stand as such writ and the
case be determined on demurrer thereto, which was filed.

The petition, among other things, averred that the St.
Mary's Company was "a nonresident domestic corporation,
organized, chartered, existing and carrying on its corporate
business under and by virtue of the laws of the State of West
Virginia, but having its principal office and place of business
and chief works in the city of Lima, in the State of Ohio;"
that the corporation "was organized, and now exists by virtue
of a charter issued to it by the Secretary of State of the State of
West Virginia on the 18th day of January, 1902;" and that
"on the 17th day of February, 1902, the said defendant corpo-
ration, by power of attorney, duly and legally executed, filed
and recorded, appointed one Wm. M. O. Dawson, a resident of
the county of Kanawha in the State of West Virginia, to accept
service on behalf of said corporation, and as a person upon
whom service may be had of any process or notice, and to make
returns of its property for taxation."

At the time the company was incorporated, sec. 8 of chap.
53 of the state code read:

"Where the legislature has the right to alter or repeal the
charter or certificate of incorporation heretofore granted to
any joint stock company, or to alter or repeal any law relating
to such company, nothing contained in this chapter shall be
construed to surrender or impair such right. And the right
is hereby reserved to the legislature to alter any charter or

certificate of incorporation hereafter granted to a joint stock company, and to alter or repeal any law applicable to such company. But in no case shall such alteration or repeal affect the right of the creditors of the company to have its assets applied to the discharge of its liabilities, or of its stockholders to have the surplus, if any, which may remain after discharging its liabilities and the expenses of winding up its affairs, distributed among themselves in proportion to their respective interests."

And sec. 24 of chap. 54:

"Every such corporation having its principal office or place of business in this State shall, within thirty days after organization, by power of attorney duly executed, appoint some person residing in the county in this State wherein its business is conducted, to accept service on behalf of said corporation, and upon whom service may be had of any process or notice, and to make such return for and on behalf of said corporation to the assessor of the county or district wherein its business is carried on, as is required by the forty-first section of the twenty-ninth chapter of the code. Every such corporation having its principal office or place of business outside this State shall, within thirty days after organizing, by power of attorney duly executed, appoint some person residing in this State to accept service on behalf of said corporation, and upon whom service may be had of any process or notice, and to make return of its property in this State for taxation as aforesaid. The said power of attorney shall be recorded in the office of the clerk of the county court of the county, in which the attorney resides, and filed and recorded in the office of the Secretary of State, and the admission to record of such power of attorney shall be deemed evidence of compliance with the requirements of this section. Corporations heretofore organized may comply with said requirements at any time within three months after the passage of this act. Any corporation failing to comply with said requirements within six months after the passage of this act, shall forfeit not less than two hundred nor more

than five hundred dollars, and shall, moreover, during the continuance of such failure, be deemed a nonresident of this State, and its property, real and personal, shall be liable to attachment in like manner as the property of nonresident defendants; any corporation failing so to comply within twelve months after the passage of this act shall, by reason of such failure, forfeit its charter to the State, and the provisions of section eight, chapter twenty, acts one thousand eight hundred and eighty-five, relative to notice and publication, shall apply thereto."

On the 22d day of February, 1905, the legislature of West Virginia passed an act, chap. 39 of the Acts of 1905, which is as follows:

"SEC. 1. The auditor of this State shall be, and he is hereby constituted, the attorney in fact for and on behalf of every foreign corporation doing business in this State, and of every nonresident domestic corporation. Every such corporation shall, by power of attorney, duly executed, acknowledged and filed in the auditor's office of this State, appoint said auditor, and his successors in office, attorney in fact to accept service of process and notice in this State for such corporations, and by the same instrument it shall declare its consent that service of any process or notice in this State on said attorney in fact, or his acceptance thereof indorsed thereon, shall be equivalent for all purposes to, and shall be and constitute, due and legal service upon said corporation.

"SEC. 2. Such foreign or nonresident domestic corporation shall at the time of taking out its charter, or procuring its authority to do business in this State, as the case may be, pay to the auditor as its said attorney ten dollars for his services as such for the then current year ending on the 30th day of April next ensuing; and on or before the first day of May, for each year, such corporation shall pay to said auditor the like sum of ten dollars for his services as such attorney. And all such corporations as have heretofore taken out charters, or procured authority to do business in this State, shall for the fiscal year

commencing on the first day of May, nineteen hundred and five, pay the sum of ten dollars to the auditor as the fee for such attorney to receive service of process, and annually thereafter a like sum, and such corporation shall not be required to pay any fee to the person who may have been heretofore appointed its attorney to receive service of process. All moneys received by the auditor under this chapter shall belong to the State, and be by him immediately paid into the state treasury. The auditor shall keep in a well bound book in his office a true and accurate account of all moneys so received and paid over to him.

"SEC. 3. The post office address of such corporation shall be filed with the power of attorney, and there shall be filed with the auditor from time to time statements of any changes of address of said corporation. Immediately after being served with, or accepting, any such process or notice, the auditor shall make and file with said power of attorney a copy of such process or notice with a note thereon indorsed of the time of service, or acceptance, as the case may be, and transmit such process or notice by registered mail to such corporation at the address last furnished as aforesaid. But no such process or notice shall be served on the auditor or accepted by him less than ten days before the return thereof.

"SEC. 4. In addition to the auditor, any such company may designate any other person in this State as its attorney in fact, upon whom service of process or notice may be made or who may accept such service. And, when such local attorney is appointed, process in any suit or proceeding may be served on him to the same effect as if the same were served on the auditor.

"SEC. 5. Failure to pay the attorney's fee as hereinbefore required shall have all the force and effect, and subject such corporation to the same penalties and forfeitures, as are or may be prescribed by law for failure to pay the license tax required to be paid by such corporation.

"SEC. 6. Any corporation failing to comply with the pro-

visions of this act in so far as it relates to the appointment of the auditor as its statutory attorney, within ninety days from its incorporation, shall forfeit one hundred dollars as a penalty for such failure, and upon failure to pay such penalty, the charter of such corporation shall thereby be forfeited and void."

The company refused to comply with the act, and, thereupon, this proceeding was instituted.

Mr. W. E. Chilton, for plaintiff in error: .

Corporations are persons within the meaning of the Fourteenth Amendment. Santa Clara v. Southern Pac. R. R., 118 U. S. 394; 4 Thompson, Corp. § 5448. The act deprives this corporation of the equal protection of the laws. It is a foreign domestic corporation and subjected to the law, while resident domestic corporations, which have chief works in the State, are not affected. No statute, except this one, has ever undertaken arbitrarily to take away from a corporation its right to provide against accident, surprise, mistake and fraud, in an alleged attempt to secure to all persons having controversies with it, a fair and reasonable way to secure service of process upon it. See State v. Goodwill, 33 W. Va. 179, as to limiting right of contract.

The attempt to put this legislation upon the ground of public safety or any other specious public aspect is, with all respect, the merest pretense. It is paternal legislation. Mugler v. Kansas, 123 U. S. 661; Williams v. Fears, 179 U. S. 274; People v. Gilson, 109 N. Y. 389; People v. Warden, 157 N. Y. 116.

The constitutionality of the statute is to be determined not by what has been done in any particular instance, but what may be done under and by virtue of its authority. It is for the courts to determine what is due process of law, or what is the equal protection of the laws, and not for the legislature. Lawton v. Steele, 152 U. S. 133; Allgeyer v. Louisiana, 165 U. S. 578; Yick Wo v. Hopkins, 118 U. S. 356; Cooley's Const. Lim., 6th ed., 484.

This act is unjust and unfair for another reason. It allows the auditor to *accept* service of process for a given class of corporations.

The act is justified by the Supreme Court of Appeals of West Virginia, solely upon the ground that the reserved power to alter or amend gives the State the right to pass this law, and the opinion proceeds upon the theory that there is no limit to this power of the legislature. But this position is controverted by *Shields* v. *Ohio*, 95 U. S. 319, and see Code W. Va., ch. 53, § 53; Const. W. Va., Art. XI, § 4, as to the right to select agents.

This act takes away, not only a fundamental right, but one granted in the original charter, and without which the corporation could not transact business. *Lothrop* v. *Stedeman*, 13 Blatchf. 134; Brannon, Fourteenth Amendment, 365; *Holyoke* v. *Lyman*, 15 Wall. 500, 519. *Bank* v. *Owensboro*, 173 U. S. 636, distinguished.

The statute fixes a tax upon this corporation for a private purpose and not for a public purpose, and in so doing, it deprives this corporation of its property without due process of law.

The act requires every corporation to pay to the auditor as its said attorney ten dollars for his services as such for the then current year. All taxation shall be for public purposes. Brannon, Fourteenth Amendment, 160; *Cole* v. *LaGrange*, 113 U. S. 1; *Loan Ass'n* v. *Topeka*, 20 Wall. 665.

This is an arbitrary exercise of power, imposing a tax for private services, whether performed or not, whether needed or not. One corporation may require services worth many hundred dollars; another may require no service. Yet both are required to pay the same. If the law charged so much for each process served or transmitted, there would be some attempt at fairness, and some grounds for likening the case to that where fees are charged and covered into the treasury. *Charlotte* v. *Gibbs*, 142 U. S. 385, and *People* v. *Budd*, 145 U. S. 175, are not determining upon this case.

*Mr. Clarke W. May,* Attorney-General of the State of West Virginia, for defendant in error:

The inhibition that no State shall deprive any person within its jurisdiction of the equal protection of the laws was designed to prevent any person or class of persons from being singled out as a special subject for discrimination and hostile legislation. *Pembina* v. *Pennsylvania,* 125 U. S. 181; Brannon's Fourteenth Amendment, 323. But see *Kentucky Tax Cases,* 115 U. S. 321; *McGoon* v. *Illinois,* 170 U. S. 283; it only requires that the same means and methods shall apply to all constituents of a class so that law may operate equally on all similarly situated. With the impotency of the law, the Constitution has no concern. *Mobile* v. *Kimball,* 102 U. S. 691.

In the case at bar, having the clear right to regulate and control its own creations, the State put all non-resident domestic corporations, which elected to have their places of business and works outside of the State, and all foreign corporations coming into the State, on an equal footing. *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 43.

Plaintiff in error, having accepted the charter subject to the legislative right to amend or repeal it, cannot now complain of such amendment. *Hooper* v. *California,* 155 U. S. 648, 652; *Railway Co.* v. *Mackey,* 127 U. S. 205; *N. Y. Life Ins. Co.* v. *Cravens,* 178 U. S. 389; *Louisville & Nashville* v. *Kentucky,* 183 U. S. 503; *Allgeyer* v. *Louisiana,* 165 U. S. 579.

For other statutes held not to be discriminatory, see *Tullis* v. *Earle,* 175 U. S. 348; *Railway Co.* v. *Hume,* 115 U. S. 348; *Pacific Express Co.* v. *Seibert,* 142 U. S. 339; *Blake* v. *McClung,* 172 U. S. 242; *McGoun* v. *Trust Co.,* 170 U. S. 283; *Clark* v. *Titusville,* 184 U. S. 329; Brannon, Fourteenth Amendment, ch. 16; *Narron* v. *Wilmington &c. R. R. Co.,* 122 N. Car. 856.

The imposition of a tax requiring the payment of ten dollars to the auditor for acting as attorney for a non-resident domestic corporation or a foreign corporation doing business in the State, which money goes to the State, is not a denial of the equal protection of the laws, nor does it deprive the company of its

property without due process of law. *Central Trust Co.* v. *Campbell*, 173 U. S. 84. And see *Barbier* v. *Connolly*, 113 U. S. 27 and *Soon Hing* v. *Crowley*, 113 U. S., 703, as to the distinction between what is and what is not invalid.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

It is argued that the act of February 22, 1905, is invalid under the Fourteenth Amendment, in that it deprives the company of liberty of contract and property without due process of law, and denies it the equal protection of the laws. But in view of repeated decisions of this court, the contention is without merit. The State had the clear right to regulate its own creations, and, *a fortiori*, foreign corporations permitted to transact business within its borders.

In this instance it put all non-resident domestic corporations, which elected to have their places of business and works outside of the State, and all foreign corporations coming into the State, on the same footing in respect of the service of process, and the law operated on all these alike.

Such a classification was reasonable and not open to constitutional objection. *Orient Insurance Company* v. *Daggs*, 172 U. S. 557, 563; *Waters-Pierce Oil Company* v. *Texas*, 177 U. S. 43; *Central Loan and Trust Company* v. *Campbell*, 173 U. S. 84; *National Council* v. *State Council*, decided November 19, 1906, *ante*, p. 151; *Northwestern Life Insurance Company* v. *Riggs*, *post*, p. 243; Brannon on Fourteenth Amendment, Chap. 16.

It is true that the prior law left it to the corporation to appoint an attorney to represent it, and that the act of February, 1905, changed this so as to make the auditor such attorney, but this at the most was no more than an amendment as to the appointment of an agent, and when the St. Mary's Company accepted its charter it did so subject to the right of amendment. And we agree with the state court that the

requirement of the payment of ten dollars to the auditor for the use of the State does not amount to a taking of property without due process or an unjust discrimination. *Charlotte Railroad* v. *Gibbs,* 142 U. S. 386; *People* v. *Squire,* 145 U. S. 175. If the act is valid, that is.

The objections going to the expediency or the hardships and injustice of the act, and its alleged inconsistency with the state constitution and laws, are matters with which we have nothing to do on this writ of error, and the question whether the provision that the corporation shall not be required to pay any fee to any one theretofore appointed an attorney is invalid or not, requires no consideration on this record.

*Judgment affirmed.*