SOUTHERN RY. CO. v. SIMON.

(Circuit Court, E. D. Louisiana. November 25, 1910.)

No. 13,300.

1. EQUITY (§ 410*)—FINDINGS OF MASTER—EFFECT.

Though defendant did not object to the taking of evidence before a master, he did not thereby consent to the master's appointment, nor is he estopped to controvert his findings of fact.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 905–919; Dec. Dig. § 410.*]

2. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—SERVICE ON SECRETARY OF STATE—DUE PROCESS OF LAW.

Acts La. 1904, No. 54, § 1, requires foreign corporations doing business in Louisiana to file a written declaration, naming an agent on whom process may be served; and section 2 declares that, if a foreign corporation does business of any nature in the state without having complied with section 1, it may be sued in any parish where it does business, and service may be made on the Secretary of State with the same effect as if the corporation had been personally served. *Held* that, there being no provision in such act for actual notice to the corporation, either within or without the state, by mail or otherwise, in case of service on the Secretary of State, such service was insufficient.

[Ed. Note.—For other cases, see Corporations, Dec. Dig § 668.*

Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

In Equity. Bill by the Southern Railway Company against Ephraim Simon to restrain the execution of a judgment recovered by Simon against the railway company in the state court. Decree for complainant.

---

Harry H. Hall, for plaintiff.

Henry L. Lazarus, for defendant.

FOSTER, District Judge. In this case complainant, the Southern Railway Company, seeks an injunction to restrain the defendant, Ephraim Simon, from executing a certain judgment of the civil district court on the ground that said judgment is null and void for want of citation. A demurrer attacking the jurisdiction of this court to issue the injunction was overruled by my predecessor, Hon. Charles Parlange, and the jurisdiction of this court was also maintained by my predecessor, Hon. Eugene D. Saunders. See, also, Ex parte Simon, 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429. From a careful consideration of the law as I understand it, I agree with them, and cannot add to the reasons they assign.

The defendant, Ephraim Simon, was injured while a passenger on one of the complainant's trains in Alabama. Thereafter he filed suit against the complainant in the civil district court for the parish of Orleans, La., alleging complainant to be a foreign corporation doing business in Louisiana; that it had not appointed an agent to receive service of citation, and therefore service should be made upon the Secretary of State, in accordance with the law of Louisiana (Act No. 54 of 1904). Judgment was obtained in his favor and against the Southern Railway Company in the sum of $13,348. After this judgment had become final, complainant filed its bill in this court, alleging the service upon the Secretary of State to be null and void, and the judgment against it rendered without due process of law, in violation of the Constitution of the United States; that the demand of complainant in said suit was unconscionable, and was obtained by fraudulent and false testimony; that the claim consisted in part of remote and consequential damages, not recoverable; that complainant had no knowledge of the pendency of proceedings until after the rendition of the judgment; and that it had a good and valid defense to the action. Issue was finally joined, and the matter was referred to a master, who in due course filed his report. The defendant has excepted to the master's report, as a whole and specially, both as to his conclusions of law and the findings of fact.

It is contended by complainant that defendant, by not having objected to the taking of evidence before the master, has consented to his appointment, and is now estopped to controvert his findings of fact. I do not agree with this contention. The court could not, except by consent of all parties, abdicate its duty to determine, by its own judgment, the facts and the law applicable to them. The report of the master is merely advisory to the court, and, while entitled to great weight on findings of fact deduced from conflicting testimony, where the master has had opportunity to form his own opinion as to the truthfulness of the witnesses, the court may weigh the evidence and find its own facts, and, indeed, it is the court's duty to do so whenever either side excepts to the report of the master. In this case I consider the entire matter is before me for decision.

It is evident that the first question to be considered is that of cita-

tion. Act No. 54 of 1904, relied upon by the defendant, Ephraim Simon, is as follows:

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that it shall be the duty of every foreign corporation doing any business in this state to file in the office of the Secretary of State a written declaration, setting forth and containing the place or locality of its domicile, the place or places in the state where it is doing business, and the name of its agent or agents or other officer in this state upon whom process may be served.

"Sec. 2. Be it further enacted, etc., that whenever any such corporation shall do any business of any nature in this state without having complied with the requirements of section 1 of this act, it may be sued for any legal cause of action in any parish of the state, where it may do business, and such service of process in such suit may be made upon the Secretary of State the same and with the same validity as if such corporation had been personally served."

Undoubtedly the state of Louisiana has the right to require foreign corporations doing business within its borders to appoint an agent upon whom service of legal process can be made. In default of the appointment of such an agent, the state can appoint one for the corporation, or require service to be made upon some designated state official, provided such service shall constitute due process of law. Insurance Association v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Petroleum Co. v. West Virginia, 203 U. S. 183, 27 Sup. Ct. 132, 51 L. Ed. 144.

What is or is not due process of law must depend upon the facts in each case, and the Supreme Court of the United States has carefully refrained from laying down any general rule. But it is fundamental that the method of citation should be fairly calculated to bring home to the defendant actual notice of the pendency of the action and allow him a reasonable time to put in his defense. Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616.

In the case first above cited the state of Kentucky required insurance companies doing business in the state to consent that service of process be had upon the Commissioner of Insurance; but the statute further required the Commissioner to give the corporation actual notice by mail. In the second case, the state of West Virginia required foreign corporations to appoint the State Auditor attorney in fact to accept service of process, but also made it his duty to transmit the process or notice by registered mail to the corporation.

It will be observed that the statute of Louisiana imposes no duty whatever on the Secretary of State regarding his representing a foreign company. He is not made its agent in any way. He is not required to appear for it in a suit wherein he is served, nor is he even required to notify the corporation of the pendency of the action.

The evidence in this case shows, and it is not disputed, that the complainant had no actual notice of the pendency of the action in the state court until after the final judgment. By advice of the Attorney General of the state of Louisiana, the Secretary of State merely filed away the process and made no effort to notify the complainant. The Supreme Court of Louisiana, in Gouner v. Mississippi Valley Bridge &

Iron Company, 123 La. 964, 49 South. 657, in considering Act No. 54 of 1904, held a service upon the Secretary of State to be null and void. In the course of his opinion the Chief Justice took occasion to say:

"There is a feature in the law last cited that is peculiar, and adds something to its illegality when it is proposed to maintain a service, as in this case. As applying exclusively to foreign corporations absent from the state, within the extreme meaning of the word 'absentee,' we will state: This law makes no provision whatever for the service on the defendant. The officer may decline to communicate with the person sued, and give no notice whatever, not even by mail. A judgment might be obtained without the least knowledge of the person sued. Under the phrasing of the statute, the duty of the officer begins and ends in his office. If such a judgment were rendered, it could receive no recognition whatever at the place of the domicile."

See, also, Pinney v. Providence Loan & Investment Co., 106 Wis. 396, 82 N. W. 308, 50 L. R. A. 577, 80 Am. St. Rep. 41.

In the light of these decisions I am constrained to hold that the judgment of the civil district court was rendered without due process of law, and is therefore null and void. Entertaining these views, it is unnecessary to pass upon the other questions presented by the record.

There will be a decree in favor of the complainant, perpetually enjoining the defendant, as prayed for.