## DAVE ROLLINS v. NORTH RIVER INSURANCE COMPANY

### (No. 6526)

Dissenting Note filed by JUDGE LITZ in the above styled case, reported at page 602 of this volume.

The effect of this decision is to authorize the setting aside of a judgment against a foreign corporation in any case where there is some showing that its officers did not actually receive notice of the suit, although it has been legally brought into

court by service upon the state auditor, in compliance with section 24-a, chapter 54 of the Code. The statute provides: "The auditor of this state shall be, and he is hereby, constituted the attorney in fact for and on behalf of every foreign corporation doing business in this state and of every non-resident domestic corporation, with authority to accept service of process on behalf of and upon whom service of process may be made in this state for and against every such corporation." The constitutionality of such an act has been upheld, not only by this Court, but by the Supreme Court of the United States as well. In the case of *St. Marys Petroleum Company* v. *West Virginia,* 203 U. S. 183, Chief Justice Fuller, in considering the constitutionality of a similar statute of this state, said: "It is argued that the act of February 22, 1905, is invalid under the Fourteeenth Amendment, in that it deprives the company of liberty of contract and property without due process of law, and denies it the equal protection of the laws. But in view of repeated decisions of this court, the contention is without merit. The state had the clear right to regulate its own creations, and, *a fortiori,* foreign corporations permitted to transact business within its borders." The rule permitting the setting aside of a verdict or judgment because of fraud, accident, mistake, surprise or some other adventitious circumstance beyond the control of the complaining party is inapplicable to a case like this where the party has been legally served and seeks to avoid the judgment for alleged want of notice of the suit. The ruling in question clearly nullifies the statute authorizing substituted service on foreign corporations. But suppose, as the Court has, in effect, held, that process under the statute is binding only in case it has actually reached the corporation through notice to its officers, the decision is still unwarranted because (1) it has not been satisfactorily proven that the process was not received at the office of the defendant, nor (2) sufficiently shown that the corporation has a legal defense to the action.

White does not say, as the opinion would seem to indicate, that the auditor requested the post office department to secure and return a receipt from the addressee as evidence of

delivery. His statement, in this connection is "that the routine of business in affiant's department in mailing the summons to non-resident insurance companies is to request *the corporation addressed* to acknowledge receipt of the summons; that the routine was followed in this case, but no acknowledgment of the receipt of said summons was ever received by the department of insurance of the auditor's office." Under these circumstances it was necessary for the defendant to have shown by records of the post office department, which it could easily have done, that the registered letter enclosing the summons had not been delivered. Wyatt, of course, could only say that he did not have any knowledge or information of the summons having been received. The statements of Wyatt and White are, therefore, insufficient to establish non-delivery of the summons for any legal purpose much less for the purpose of setting aside a valid judgment.

The defendant discloses no defense to the action (brought to recover loss under a fire insurance policy), except an intimated reliance upon alleged failure of the plaintiffs to furnish proof of loss. As evidence of the supposed defense, it relies upon the affidavit of Wyatt, stating that the plaintiffs had not furnished the defendant any proof of loss, and the affidavit of George S. Jones, manager of the Charleston office of the General Adjustment Bureau, reciting that he had been instructed by the general office of the General Adjustment Bureau "to take up the adjustment" of the loss claimed by the plaintiffs, but that they had not furnished him any proof of loss, although he had advised them of his readiness and willingness to adjust the loss, if any. It is not stated that the claim is unfounded or that proof of loss had not been waived.