## FITZ v. HOPE LUMBER & SUPPLY CO.

No. 28388    Nov. 1, 1938.

Rehearing Denied Nov. 22, 1938.

Harry G. Davis, J. F. Quillin, and Marvin J. Quillin, for plaintiff in error.

C. F Gordon, for defendant in error.

CORN, J. The plaintiff in error, hereinafter called the plaintiff, brought an action in the district court of Muskogee county against the defendant in error, hereinafter called the defendant, to recover judgment upon a foreign judgment rendered by the circuit court of Polk county, Ark., the said foreign judgment having been taken by default.

The state court rendered judgment against the plaintiff and for the defendant on the ground that the foreign judgment was null and void, and was not a sufficient basis for the action, and from this judgment the plaintiff appeals.

In reaching the conclusion that the foreign judgment was void the trial court found and held that the Arkansas statute under which service was had in the case was invalid as being violative of the Constitution of the United States with respect to both the due process of law and the equal protection of the law provisions thereof.

The statute involved is the service statute concerning foreign corporations which have no agent for service in Arkansas. It reads as follows:

"1830. Effect of Failure to Designate Agent. In all cases where a cause of action shall accrue to a resident or citizen of the state of Arkansas, by reason of any contract with a foreign corporation, or where any liability on the part of a foreign corporation shall accrue in favor of any citizen or resident of this state, whether in tort or otherwise, and such foreign corporation has not designated an agent in this state upon whom process may be served, or has not any officer continuously residing in this state upon whom summons and other process may be served so as to authorize personal judgment, service of summons and other process may be had upon the Auditor of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter, whether sitting in the township or county where the auditor is served or elsewhere in the state. This act shall not be effective in cases where its enforcement would conflict with the powers of Congress or the federal laws to regulate commerce between the states." Crawford & Moses' Dig. sec. 1830.

It appears from the record that the defendant was an Oklahoma corporation, engaged in the lumber business at Muskogee, with lumber yards at other places in that section of the state; and that the plaintiff was a citizen of the state of Arkansas. The defendant purchased about 400,000 feet of rough lumber in the state of Arkansas, and the plaintiff was employed by the defendant to mill, fabricate, and process the lumber into the finished product at a mill near the origin of the raw materials. This involved the checking out and hauling of the lumber from the stacks in the woods to the mill, and in fabricating and manufacturing it into the various kinds and assortments of materials desired by the defendant for its retail trade, and then billing out the finished materials to the defendant's lumber yards in Oklahoma and some direct to customers in Oklahoma and Arkansas. The plaintiff served in the capacity of a business manager and superintendent of these operations. After the work was completed and all the materials shipped out of the state of Arkansas, the defendant had no property left in that state. The suit was brought to recover an alleged balance due on salary and for expense money advanced by the plaintiff.

It is admitted that the defendant corporation had not complied with the laws of the state of Arkansas for the admission of foreign corporations into the state for the purpose of engaging in business therein.

The defendant contends that it was not doing business in Arkansas such as to require compliance with the law. That the above-mentioned operations constituted but a single transaction, viz., the purchase and shipment of 400,000 feet of lumber. That the transaction was in interstate com-

merce, and that the above statute bringing the defendant within the jurisdiction of the Arkansas court was an interference with and a burden upon interstate commerce, and was violative of the 14th Amendment to the Constitution.

The defendant cited authorities distinguishing between single transactions and "doing business," and between interstate commerce and intrastate commerce. Consolidated Pipe Line Co. v. British American Oil Co., Ltd., 163 Okla. 171, 21 P.2d 762; Dupont v. Abel, 81 Fed. 534; Pinney v. Providence Loan & Inv. Co., 106 Wis. 396, 82 N. W. 308; Fuller v. Allen, 46 Okla. 417, 148 P. 1008; Furst & Thomas v. Brewster, 282 U. S. 493, 51 S. Ct. 295; Logan Pocahontas Fuel Co. v. Camp (Ky.) 246 S. W. 433; Cella Commission Co. v. Bohlinger (C. C. A.) 8 L. R. A. (N. S) 537, 542; Sillin v. Hessig-Ellis Drug Co. (Ark.) 26 S. W.2d 122.

The foregoing cases vary somewhat as to the facts, and none of them are applicable to or determinative of the case at bar.

In the case of Vulcan Construction Co. v. Harrison, 95 Ark. 588, 130 S. W. 583, the Supreme Court of Arkansas, in an opinion upholding the validity of said statute, said:

"It (the appellant) failed to comply with the provisions of said statutes, and still availed itself of the privilege to do business within this state. It brought its property into this state and was protected by its laws while it transacted its business. By this act it must be held to have assented and submitted itself to the laws of this state whose protection it had. In the case of Merchants Mfg. Co. v. Grand Trunk Ry. Co., 13 Fed. 358, it is said: 'Accordingly it has been held that a foreign corporation consents to be amenable to suit by such mode of service as the laws of the state provide when it invokes the comity of the state for the transaction of its affairs. It waives the right to object to the mode of service of process which the state laws authorize.' Citing St. Clair v. Cox, 106 U. S. 350."

The case of Consolidated Flour Mills Co. v. Muegge, 127 Okla. 295, 260 P. 745, is very similar to the case at bar. In that case the Flour Mills Company, a Kansas corporation, had ceased to do business in the state of Oklahoma and had withdrawn from the state at the time the suit was filed. Service was had in the same manner as was had in the case at bar, and the defense to the action was the same. The Kansas corporation bought grain in Oklahoma for interstate shipment to its mill in Kansas, and operated a grain elevator in Oklahoma where the grain was purchased from the farmers and loaded into freight cars and transported to its destination in Kansas. This court held that said foreign corporation was doing business in this state within the meaning of the law. In that opinion this court said:

"In reaching this conclusion we have given special consideration to the cases of International Harvester Company of America v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; St. Louis Southwestern R. Co v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; and also W. J Armstrong Co. v. N. Y. Cent. & H. R. R. Co., 129 Minn. 104, 151 N. W. 917, L. R A. 1916E, 232, Ann. Cas. 1916E, 335. In the case of International Harvester Co., supra, it is held that:

" 'It is essential to the rendition of a personal judgment against a corporation that it be doing business within the state; but each case must depend upon its own facts to show that this essential requirement of jurisdiction exists.

" 'The presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business may be entirely interstate in its character.

" 'The fact that the business carried on by a corporation is entirely interstate in its character does not render the corporation immune from the ordinary process of the courts of the state'."

Also see Wills v. National Mineral Co, 176 Okla. 193, 55 P.2d 449.

On the legality of a statute designating a service agent for a foreign corporation the court said:

"Another point raised by the plaintiff in error is the legality of the service of summons upon the Secretary of State in these cases. Plaintiff in error contends that the service is void for two reasons: First, that our statute, section 5442, supra, is violative of the 'due process clause' of the federal Constitution. This court in several cases has held that this character of service is sufficient, and that said section 5442, supra, does not violate the 14th Amendment to the federal Constitution. Title Guaranty & Surety Co. v. Slinker, supra; Kaw Boiler Works v. Frymyer, 105 Okla. 177, 231 P. 1059, and cases therein cited. These decisions, on principle, conform to the rule announced in the case of St. Mary's Franco-American Petroleum Co. v. West Virginia, 203 U. S. 183, 27 S. Ct. 132, 51 L. Ed. 144.

"The rule, perhaps, is based upon the

principle that where a state by statute designates an agent of a particular character, or an officer, or other person upon whom process may be served in an action against a foreign corporation, the corporation by sending such an agent into the state or coming into the state under such an existing law, and for the purpose of doing business within the state, assents to the statute, and impliedly, at least, clothes its agent or officer designated for that purpose with authority to receive service in its behalf. Baltimore & Ohio Ry. Co. v. Harris, 12 Wall. 65, 81 (20 L. Ed. 354); New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591 (37 L. Ed. 292) 13 S. Ct. Rep. 444; Com. Mut. Acci. Co. v. Davis, 213 U. S. 245 (53 L. Ed 782) 29 S. Ct. Rep. 445.

"It is further contended that by reason of the fact that this corporation, the defendant, had quit the state, sold all its property herein, and revoked its working agency here, * * * the service of the process on the Secretary of State is null and void. In this connection it will be observed that these causes of action arose while defendant was doing business in this state. It had never designated a person upon whom service could be made. We do not think the law is so treacherous as to permit a foreign corporation to escape liability for acts committed, or contracts breached, or obligations incurred during the time it was in active operation in a particular state by simply disposing of its property and withdrawing therefrom. The rule announced by the federal Supreme Court in the cases of Mutual Reserve Life Insurance Co v. Birch, 200 U. S. 612, 26 S. Ct. 752, 50 L. Ed 620; and Hunter v. Mutual Reserve Life Insurance Co., 218 U. S. 573, 31 S. Ct. 127, 54 L. Ed. 1155 30 L. R. A. (N S.) 686, is against the contention of defendant. These cases, together with numerous cases from various state courts, hold that the fact that the corporation later withdraws from the state before the service of process does not affect their liability to be subjected to suit in the particular given jurisdiction when the cause of action arises while the corporation is engaged in business in the state. And in Meixell v. American Motor Car Sales Co., 181 Ind. 153, 103 N. E. 1071, Ann. Cas. 1916D, 375, it was held that it is immaterial whether the appointee for service is a state officer or a private person A very apt and brief discussion of this point was made by the Supreme Court of Iowa in the recent case of McClamroch v. Southern Surety Co., 193 Iowa, 249 in which it was said:

" 'It is not the spirit of the law to permit a corporation having a process-agent in a foreign jurisdiction to make contracts. in that jurisdiction, and by withdrawing therefrom or by having its authority revoked, compel parties litigant to seek the courts

of the corporate domicile for the enforcement of claims or rights arising antecedent to the revocation or withdrawal. The appointment or recognition of a process agent, whether an individual, commissioner or other officer. is upon the consideration that the foreign corporation shall have the right to carry on its business in that jurisdiction, and for the protection of those who deal with such corporation within that jurisdiction. In a sense it is a contractual relation, and may be viewed as an agency coupled with an interest'."

Thus, it may be seen that both federal and state courts have consistently upheld the validity of statutes designating service agents for foreign corporations. and have consistently sustained the jurisdiction of courts in cases wherein service of summons or process was had pursuant to such statutes.

Therefore, as we view the particular facts in this case, the judgment of the Arkansas court is entitled to be accorded full faith and credit by the courts of this state, and the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for the plaintiff.

OSBORN C. J , BAYLESS, V. C. J., and WELCH. PHELPS, HURST, and DAVISON. JJ., concur RILEY and GIBSON, JJ., absent.