## WUCHTER v. PIZZUTTI.

ERROR TO THE COURT OF ERRORS AND APPEALS OF NEW
JERSEY.

No. 142. Argued January 5, 1928.—Decided February 20, 1928.

1. A state statute which provides that in actions by residents of the State against non-residents for personal injuries resulting from the operation by the latter of their motor vehicles on the state highways, service of summons may be made on the Secretary of State, as their agent, and which contains no further provision making it reasonably probable that notice of such service will be communicated to the defendants, is lacking in due process of law. Pub. Ls. N. J., 1924, c. 232, § 1. P. 18.

2. Such actions cannot be sustained by serving notice outside of the State not required by the statute. P. 24.

103 N. J. L. 130, reversed.

ERROR to a judgment of the Court of Errors and Appeals of the State of New Jersey, which affirmed a judgment recovered by Pizzutti in an action against Wuchter for personal injuries and damages to property, caused by Wuchter's operation of an automobile.

*Mr. James D. Carpenter, Jr.,* for plaintiff in error.

This case is not controlled by *Hess* v. *Pawloski,* 274 U. S. 352; the New Jersey statute does not require process to be forwarded to the non-resident and postponing of judgment awaiting an appearance.

The fact that notice of plaintiff's intention to assess damages on writ of inquiry before a sheriff's jury was served on the defendant personally in Pennsylvania, could not cure the failure to serve the summons and complaint upon him personally within the territorial limits of New Jersey. Judgment interlocutory was entered by default against the defendant before any notice was served upon him, other than the statutory service upon the Secretary of State. The statute is therefore void under the Fourteenth Amendment. *Pennoyer* v. *Neff,* 95 U. S. 714;

*Goldey* v. *Morning News,* 156 U. S. 518; *McDonald* v. *Mabee,* 243 U. S. 90; *Flexner* v. *Farson,* 249 U. S. 289; *Penna. Ins. Co.* v. *Mining Co.,* 243 U. S. 93.

The statute is repugnant to Article IV, § 2 of the Constitution, in that none but residents may bring suits under it, and none but non-residents may be sued. *Chambers* v. *B. & O. R. R.,* 207 U. S. 142; *Cole* v. *Cunningham,* 133 U. S. 107; *Paul* v. *Virginia,* 8 Wall. 168; *Sou. Ry. Co.* v. *Greene,* 216 U. S. 400; *Herndon* v. *Chicago, R. I. & P. R. Co.,* 218 U. S. 135; *Roach* v. *Atchison, T. & S. F. R. Co.,* 218 U. S. 159.

*Mr. Jacob R. Mantel* for defendant in error.

This case is controlled by the decision in *Hess* v. *Pawloski,* 274 U. S. 352. *State* v. *Belden,* 193 Wis. 145; *Kane* v. *New Jersey,* 242 U. S. 160; *Pawloski* v. *Hess,* 250 Mass. 22; *Packard* v. *Banton,* 264 U. S. 140; *Missouri* v. *North,* 271 U. S. 40.

Plaintiff in error was informed of the pending action, and opportunities were afforded him to step in and defend, (1) when the summons and complaint were first served upon him by the Secretary of State, by mail; (2) when notice that a writ of inquiry of damages would be executed was personally served upon him at his residence in Allentown, Pennsylvania; and (3) when notice of motion for final judgment was personally served upon him at his residence in Allentown. See *Chicago* v. *Sturgess,* 222 U. S. 313.

In New Jersey, in actions in tort, such as this, it is required that, before the plaintiff executes his writ of inquiry, a notice be served upon the defendant; and also, as in this case, the damages being assessed by writ of inquiry, no judgment thereon can be entered without notice thereof being given to the defendant. 3 N. J. Comp. Stats. §§ 138–139.

The New Jersey statute is not repugnant to Article IV, § 2 of the Constitution. Nowhere is there a prohibition

against a non-resident taking advantage of the statute. The law does not differentiate between the citizens of New Jersey and the citizens of any other State. All are equally compelled to obey regulations concerning motor travel, and all are equally liable in its courts.

The statute does not abridge the privileges or immunities of citizens of the United States. *Western Turf Ass'n* v. *Greenberg,* 204 U. S. 360. The privilege of using the highways of a State by motor vehicles is not a privilege common to all United States citizens by virtue of such citizenship. *Slaughter House Cases,* 16 Wall. 36; *New Orleans Gas Co.* v. *La. Gas Co.,* 115 U. S. 650; *Blake* v. *McClung,* 172 U. S. 239; *Maxwell* v. *Dow,* 176 U. S. 581; *Twining* v. *New Jersey,* 211 U. S. 78; *Maxwell* v. *Bugbee,* 250 U. S. 525.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This case involves the validity, under the Fourteenth Amendment, of a statute of New Jersey providing for service of process on non-residents of the State in suits for injury by the negligent operation of automobiles on its highways.

Pizzutti was driving a team of horses attached to a wagon on a public highway in New Jersey. Wuchter was a resident of Pennsylvania who was following the wagon with his automobile. Wuchter drove his car so as to crash into the rear of the wagon, damaging it, and injuring Pizzutti and his horses. Pizzutti instituted a suit against Wuchter in the Supreme Court of New Jersey. Wuchter was served with process under the provisions of the Act known as Chapter 232 of the Laws of 1924, (P. L. 1924, p. 517) by leaving process with the Secretary of State. Wuchter interposed no defense. A judgment interlocutory was taken against him and a writ of inquiry of damages was issued. Although the statute did not

require it, notice of its proposed execution was actually served personally on Wuchter in Pennsylvania. Wuchter did not appear. A final judgment was entered. Wuchter then appealed to the court below, contending that the Act under which the process was served upon him was unconstitutional, because it deprived him of his property without due process of law, in contravention of section 1 of the Fourteenth Amendment to the Federal Constitution.

Section 1 of the Act complained of, under which the process was served in this case, was as follows:

" From and after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to nonresident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the Secretary of State of the State of New Jersey, his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the State in which a motor vehicle operated by such chauffeur, or operator, or such motor vehicle is involved."

This is the first section of an Act entitled "An Act providing for the service of process in civil suits upon nonresident chauffeurs, operators, or nonresident owners whose motor vehicles are operated within the State of New Jersey, without being licensed under the provisions of the Laws of the State of New Jersey, providing for the registration and licensing of drivers and operators and

of motor vehicles, requiring the execution by them of a power of attorney to the Secretary of State of the State of New Jersey to accept civil process for them under certain conditions." The second section provides that where the car is unlicensed and there is an accident, the magistrate before whom the non-resident owner of such motor vehicle or its operator shall be brought shall require the non-resident as a condition to his release on bail or otherwise to execute a written power of attorney to the Secretary of State appointing such officer his lawful attorney for the acceptance of service in any civil suit instituted or to be instituted by any resident of the State of New Jersey against the non-resident for or on account of any claim arising out of the collision or accident.

Section 3 provides that it shall be lawful to serve civil process upon a non-resident owner in such case upon any chauffeur or operator of the vehicle while the vehicle is being operated within the state by such chauffeur or operator, and that such service may be lawfully served upon any non-resident owner by serving the process upon any person over the age of fourteen years who has custody of the automobile, whether held by him as security or driven, provided, however, that a copy of such civil process also shall be posted in a conspicuous place upon such automobile. The only provision for other than service on the persons in charge of the car is by leaving the summons with the Secretary of State without more, under § 1 of the Act already quoted.

By the general state motor law, as amended by Chapter 211, Laws of 1924, provision is made for the registration and license of automobiles owned by non-residents who use the highways of the state, P. L. 1924, § 9, par. 4, p. 451. They are required to agree that original process against the owner made by leaving it in the office of the Secretary of State shall have the same effect as if served on the owner within the state, and the statute

provides that the Commissioner of Motor Vehicles shall notify the owner of such motor car by letter directed to him at the post office address stated in his application for registration and license already filed with the Commissioner.

The Act first above referred to, No. 232, under which process in this case was served, applies to the owners of automobiles who are not licensed but who come into the state and use the highways of the state without registration and is not to be confused with the license act or its provisions.

It is settled by our decisions that a state's power to regulate the use of its highways extends to their use by non-residents as well as by residents. *Hendrick* v. *Maryland*, 235 U. S. 610, 622. We have further held that, in advance of the operation of a motor vehicle on its highways by a non-resident, a state may require him to take out a license and to appoint one of its officials as his agent, on whom process may be served in suits growing out of accidents in such operation. This was under the license act of New Jersey, last above referred to, and not No. 232. *Kane* v. *New Jersey,* 242 U. S. 160, 167. We have also recognized it to be a valid exercise of power by a state, because of its right to regulate the use of its highways by non-residents, to declare, without exacting a license, that the use of the highway by the non-resident may by statute be treated as the equivalent of the appointment by him of a state official as agent on whom process in such a case may be served. *Hess* v. *Pawloski,* 274 U. S. 352.

The question made in the present case is whether a statute, making the Secretary of State the person to receive the process, must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the Secretary will be communicated to the non-resident defendant who is sued. Section 232 of the Laws of 1924 makes no such requirement and we

have not been shown any provision in any applicable law of the State of New Jersey requiring such communication. We think that a law with the effect of this one should make a reasonable provision for such probable communication. We quite agree, and, indeed, have so held in the *Pawloski* case, that the act of a non-resident in using the highways of another state may properly be declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the Secretary of State or some officer of the state, without more, it will be entirely possible for a person injured to sue any non-resident he chooses, and through service upon the state official obtain a default judgment against a non-resident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of fraud (*Heinemann* v. *Pier*, 110 Wis. 185) or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law. The Massachusetts statute considered in *Hess* v. *Pawloski,* really made necessary actual personal service to be evidenced by the written admission of the defendant. In *Kane'* v. *New Jersey,* the service provided for by statute was by mail to the necessarily known registered address of the licensed defendant.

In determining the reasonableness of provision for service we should consider the situation of both parties. The person injured must find out to whom the offending auto-

mobile belongs. This may be a difficult task. It is easy when the owner of the automobile is present after the accident. That is provided for in the second section of this act by apprehending him or his operator. But the vehicle may be operated by someone who having committed the injury successfully escapes capture or identification. In such a case, the person injured must be left without a remedy by suit at law, as everyone must be who does not know or can not discover the person who injured him. The burden is necessarily on him to investigate and learn. In finding out who it was, and whether the person is of such financial responsibility as to warrant a suit, he almost necessarily will secure knowledge of his post office address or his place of residence, and thereby be enabled to point out how notice may be communicated to him. With this information at hand the state may properly authorize service to be made on one of its own officials, if it also requires that notice of that service shall be communicated to the person sued. Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant.

The cases, in which statutes have been upheld providing that non-resident corporations may properly be served by leaving a summons with a state official, where the corporation has not indicated a resident agent to be served, are not especially applicable to the present statute. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co.*, 243 U. S. 93; *Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8. Such corporations may properly be required to accept service through a public officer as a condition of their doing business in the state. Their

knowledge of the statutory requirement may perhaps prompt frequent inquiry as to suits against them, of their appointed agent or at the office of the public official to be served, but it could hardly be fair or reasonable to require a non-resident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the Secretary of State to learn whether he has been sued. Even in cases of non-resident corporations, it has been held that a statute directing service upon them by leaving process with a state official is void if it contains no provision requiring the official, upon whom the service may be made, to give the foreign corporations notice that suit has been brought and citation served. *Southern Railway Co.* v. *Simon,* 184 Fed. 959, 961; *Gouner* v. *Missouri Valley Bridge Co.,* 123 La. 964. In the latter case, the Louisiana court said in respect to such a law:

" This law makes no provision whatever for the service on the defendant. The officer may decline to communicate with the person sued and give no notice whatever; not even by mail. A judgment might be obtained without the least knowledge of the person sued. Under the phrasing of the statute, the duty of the officer begins and ends in his office. If such a judgment were rendered, it could receive no recognition whatever at the place of the domicile. When a petition cannot legally be served on a defendant, the court can exercise no jurisdiction over him. The service defines the court's jurisdiction."

The question is mooted in *Simon* v. *Southern Railway,* 236 U. S. 115, 129, and the above language is quoted, but it was not found necessary to decide the point.

It is instructive in this matter to refer to state authorities to observe their view of what is valid in statutory provision for service upon proposed defendants, corporate or otherwise, where personal service can not be had. In *Nelson* v. *Chicago, Burlington & Quincy Railroad Co.,* 225 Ill. 197, the action was for personal injuries. The

statute provided that service could be had upon the president of a company at the place of business in the county, but that if there was no officer in the county, then the company might be notified by publication and mail in like manner and with like effect as is provided in the rules of chancery. Those rules required an affidavit showing the publication of a notice in a newspaper, and the mailing of the notice published. It was held that the service under the statute was valid as a reasonable one, for it was probable that the defendant would receive actual notice of the action before judgment was rendered against it.

In *Jefferson Fire Insurance Co.* v. *Brackin,* 140 Ga. 637, the statute provided that an action could be brought against an insurance company in the county in which the contract was made, out of which the cause of action arose, although there was no agent doing business in the county at the time. Also, that service of summons might be made by leaving a copy of the writ at the place of business of the agent at the time the cause of action accrued. The latter provision in the actual case was said to be lacking in due process for the reason that there was no reasonable probability that the company would receive notice in cases where there was no longer a place of business in the county.

In *Pinney* v. *Providence Loan & Investment Company,* 106 Wis. 396, the suit was by the grantee of a tax deed against the defendant corporation and another, as the former owners of the land, to bar their rights. The corporation was organized under the laws of the state and had its principal place of business in the county. The statute provided that corporations should file the names of officers upon whom service might be made, and that in all cases prior to the filing of such a list, service might be had by delivering and leaving with the register of deeds of the county where the corporation had its principal

place of business, a copy of the papers. Service in this case was had on the register of deeds accordingly. It was held that the statute was unconstitutional; that while the state might authorize constructive service on corporations, " the method adopted should be reasonably calculated to bring notice home to some of the officers or agents of the corporation, and thus secure an opportunity for being heard."

In *Town of Hinckley* v. *Kettle River R. R. Co.*, 70 Minn. 105, there was an action against the railroad company for the recovery of certain bonds or their value. The statute provided that when a corporation created by the laws of the state did not have an officer in the state upon whom legal service of process could be made, an action might be brought in a county where the cause of action arose or the corporation had property, and a service might be made by depositing a copy of the summons in the office of the secretary of state, which should be taken as a personal service on the corporation; provided that whenever any process was served on the secretary of state, the same should be by duplicate copies, one of which should be filed in the office of the secretary of state, and the other mailed by him immediately, postage prepaid, to the office of the company, or to the president, or secretary as found by the articles of incorporation on file in the office of the state official. It was held that the statute provided for due process, there being a necessity for providing for substituted service on domestic corporations, when their officers could not be found within the state, and that the method adopted was appropriate and likely to communicate actual notice of the commencement of the action to the corporation.

In *McDonald* v. *Mabee*, 243 U. S. 90, 91, a person domiciled in Texas left the state to make his home in another state. An action for money was begun by pub-

lication in a newspaper after his departure, and a judgment recovered and sustained by the state supreme court was held void by this Court. This Court said:

"The foundation of jurisdiction is physical power, although in civilized times it is not necessary to maintain that power throughout proceedings properly begun, and although submission to the jurisdiction by appearance may take the place of service upon the person. . . . No doubt there may be some extension of the means of acquiring jurisdiction beyond service or appearance, but the foundation should be borne in mind. Subject to its conception of sovereignty even the common law required a judgment not to be contrary to natural justice. . . . And in states bound together by a Constitution and subject to the Fourteenth Amendment, great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." See also *Roller* v. *Holly*, 176 U. S. 398.

These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here.

But it is said that the defendant here had actual notice by service out of New Jersey in Pennsylvania. He did not, however, appear in the cause and such notice was not required by the statute. Not having been directed by the statute it can not, therefore, supply constitutional validity to the statute or to service under it. *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413, 424, 425; *Louisville and Nashville R. R. Co.* v. *Stock Yards Company*, 212 U. S. 132, 144; *Central of Georgia Ry. Co.* v. *Wright*, 207 U. S. 127, 138; *Security Trust Co.* v. *Lexington*, 203 U. S. 323, 333; *Roller* v. *Holly*, 176 U. S. 398, 409; *Stuart* v. *Palmer*,

74 N. Y. 183, 188; *Berryhill* v. *Sepp*, 106 Minn. 458. For these reasons, we think that the statute of New Jersey under consideration does not make provision for communication to the proposed defendant, such as to create reasonable probability that he would be made aware of the bringing of the suit.

*Judgment reversed.*

MR. JUSTICE BRANDEIS (with whom MR. JUSTICE HOLMES concurs), dissenting.

The rule of general law stated by the Court seems to me sound. But I think the judgment should be affirmed. The objection sustained by the Court—that the statute is void because it fails to provide that the Secretary of State shall notify the non-resident defendant—is an objection taken for the first time in this Court. It was not made or considered below; and it is not to be found in the assignments of error filed in this Court. The only objection made or considered below was that the state court lacked jurisdiction, because the defendant had not been personally served within the State. In other words, that while the State might require the defendant to appoint the Secretary of State as his agent to receive service, as held in *Kane* v. *New Jersey*, 242 U. S. 160, service without such appointment is bad. When the case at bar was decided below, the validity for that objection was an open question. Before the case was reached for argument in this Court, *Hess* v. *Pawloski*, 274 U. S. 352, settled that process other than personal service within the State may suffice to give jurisdiction over non-resident motorists. The objection now urged—that failure to prescribe the Secretary shall notify the non-resident denies due process—is an afterthought provoked by our decision in *Hess* v. *Pawloski*.

The nature of our jurisdiction under § 237 of the Judicial Code demands a rigorous adherance to the long estab-

lished practice that objections not raised or considered below cannot be relied on here. *National Bank* v. *Commonwealth,* 9 Wall. 353, 363; *Edwards* v *Elliott,* 21 Wall. 532, 557; *Bolln* v. *Nebraska,* 176 U. S. 83, 89; *Detroit, Fort Wayne & Belle Isle Ry.* v. *Osborn,* 189 U. S. 383, 390–391; *Cox* v. *Texas,* 202 U. S. 446, 451; *Haire* v. *Rice,* 204 U. S. 291, 301. It is immaterial that Wuchter made a general objection that the statute violated the due process clause. Compare *Wilson* v. *McNamee,* 102 U. S. 572; *Dewey* v. *Des Moines,* 173 U. S. 193, 197–201; *Bullen* v. *Wisconsin,* 240 U. S. 625, 632. The wisdom of that rule of practice is illustrated by what has happened in the case at bar. The reversal rests wholly upon a construction given to the New Jersey statute by this Court. It construes the statute as not requiring the Secretary of State to give notice to the defendant. Whether the Court of Errors and Appeals would have so construed the statute is at least doubtful. Had the objection been made there, it is possible—and indeed probable—that the highest court of New Jersey would have construed the statute as requiring the notice. Its able opinion shows that it appreciates fully the requirements of the due process clause. See also *Redzina* v. *Provident Institution for Savings,* 96 N. J. Eq. 346.

For aught that appears, it may have been the uniform practice of the Secretary to give notice whenever the address of the defendant was ascertainable. Such an administrative construction would carry great weight with the courts of New Jersey, *State* v. *Kelsey,* 44 N. J. L. 1; *Stephens* v. *Civil Service Commission,* 101 N. J. L. 192, 194, as it would with this Court. *United States* v. *Cerecedo Hermanos y Compania,* 209 U. S. 337. Moreover, the rule that a construction which raises a serious doubt as to the constitutionality of a statute will not be adopted if some other construction is open, is a rule commonly acted upon by the courts of New Jersey, *Colwell* v. *May's*

*Landing Water & Power Co.,* 19 N. J. Eq. 245, 249; *Atlantic City Water Works Co.* v. *Consumers Water Co.,* 44 N. J. Eq. 427, 437; *State* v. *Tachin,* 92 N. J. L. 269, 274, as it is in this Court. *Texas* v. *Eastern Texas R. R. Co.,* 258 U. S. 204, 217; *Arkansas Natural Gas Co.* v. *Railroad Commission,* 261 U. S. 379, 383; *South Utah Mines* v. *Beaver County,* 262 U. S. 325, 331; *Matthew Addy Co.* v. *United States,* 264 U. S. 239, 245; *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 389–390; *Lewellyn* v. *Frick,* 268 U. S. 238, 251; *Hopkins* v. *Southern California Telephone Co.,* 275 U. S. 393. Compare *Presser* v. *Illinois,* 116 U. S. 252, 268; *Hooper* v. *California,* 155 U. S. 648, 657; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531, 546. As was said in *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350, 369: " We ought not to indulge the presumption either that the legislature intended to exceed the limits imposed upon state action by the Federal Constitution, or that the courts of the State will so interpret the legislation as to lead to that result." See also *Chicago, Terre Haute & Southeastern Ry. Co.* v. *Anderson,* 242 U. S. 283, 287.

While this Court has power to construe the statute, it is not obliged to do so. We have often recognized the propriety of remanding a case to a state court for the determination of a delicate question of state law. *Gulf, Colorado & Santa Fe Ry. Co.* v. *Dennis,* 224 U. S. 503, 506; *Dorchy* v. *Kansas,* 264 U. S. 286, 291; *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Commission,* 273 U. S. 126, 131; *Cobb Brick Co.* v. *Lindsay,* 275 U. S. 491. If the judgment is to be reversed, it should be specifically for the purpose of enabling the Court of Errors and Appeals to pass upon the objection first raised by the defendant in this Court.

In the case at bar, the objection is not lack of jurisdiction, but denial of due process because the statute did not require the Secretary to notify the non-resident defend-

ant.   Notice was in fact given.   And it was admitted at
the bar that the defendant had, at all times, actual knowl-
edge and the opportunity to defend.   The cases cited by
the Court as holding that he could deliberately disregard
that notice and opportunity and yet insist upon a defect
in the statute as drawn, although he was in no way preju-
diced thereby, seem hardly reconcilable with a long line
of authorities.   *Louisville & Nashville R. R. Co.* v.
*Schmidt,* 177 U. S. 230, 238–239; *Simon* v. *Craft,* 182 U. S.
427, 436–437; *Harris* v. *Balk,* 198 U. S. 215, 227–228;
*Baltimore & Ohio R. R. Co.* v. *Hostetter,* 240 U. S. 620;
*Aikens* v. *Kingsbury,* 247 U. S. 484, 489.   For the reasons
stated, I do not need to attempt to reconcile them.

MR. JUSTICE STONE, dissenting.

I agree that the judgment should be reversed and the
cause remanded, but with leave to the state court to deter-
mine whether the notice given to the plaintiff in error by
the Secretary of State was required by the statute.