Common Pleas Court of Hamilton County.

ELIZABETH V. LEE v. MAUD E. HOFFMAN.

Decided July 18, 1933.

*James J. Fitzpatrick,* for plaintiff.
*Fricke & Spiegel,* and *Robert McIntosh,* for defendant.

MATTHEWS, J.

The only question argued on the motion for a new trial was the constitutionality of the provisions of the Torrens act for *notice to adverse claimants.*

By Sections 8572-8, 8572-11 and 8572-13, General Code, every possible precaution is taken to insure the bringing into the registration proceeding every person having any interest or claim. The inclusion of every claimant is assured by the report of a disinterested attorney acting as examiner appointed by the court before any process is issued. The names and addresses of all claimants discovered by the diligence of the applicant and examiner are brought upon the record. The published notice required by Section 8572-14, General Code, is addressed to such persons designated by name and residence. By Section 8572-15, General Code, the clerk of the court is required to send a copy of the first publication by registered letter to each defendant at the residence shown in the proceedings, and is also required to post a copy in a conspicuous place on the property. If any letter is returned undelivered, after being remailed, then summons is issued and if it is returned showing the defendant not found, then such defendant is treated as having been served by the publication as a person whose place of residence and post office are unknown. A reading of these sections leaves one with the impression that great care was taken to give every possible claimant actual notice. After these provisions are complied with a default is not authorized until the examiner certifies that all proper parties have been brought before the court. Section 8572-18, General Code.

It is this that is claimed is insufficient to confer jurisdiction upon the court under Section 16 of the Bill of Rights of the Ohio Constitution and the Fourteenth amendment of the United States Constitution. The defendant resided on the premises, the title to which was registered. A copy of the first publication, addressed to her, was mailed and delivered at such residence. A copy of the publication was posted

on the premises on a tree in the yard near the residence and the defendant saw it there and discussed it with others. There is no doubt that she had actual notice of the pendency of the proceedings. The only doubt is as to whether she understood fully the purpose of the proceedings. Her testimony suggests that her husband misrepresented the purpose, but as this is a collateral attack upon the judgment, fraud, if proven, would not avail. The service of the ordinary summons upon her would not have increased her understanding of the proceedings nor guarded against misrepresentation. It should be said, however, that the evidence showed no fraud on the part of the plaintiff, or any one acting for her.

The provisions of the statute with reference to notice were fully complied with, and the question presented, therefore, is the broad one of the validity of the statute itself. A holding against its validity would not only affect the registered title of the property involved in this case, but equally the thousands of other registered titles of real estate in this state. While that is not sufficient reason for sustaining a statute clearly unconstitutional, the fact that it has been so generally considered constitutional is a circumstance that should be taken into account in determining whether it infringes any constitutional provision.

The original Ohio Torrens act was declared unconstitutional in *State ex rel Gilvert* v. *State*, 56 O. S., 575, for several reasons, one of which was that there was no provision for notice to known adverse claimants other than a publication of notice addressed "To whom it may concern." The present act was passed after a constitutional amendment authorizing registration and insurance of land titles was ratified. It is modeled after the Massachusetts act and contains identical provisions for notice to known claimants. The constitutionality of the Massachusetts provision for notice was challenged in the case of *Tyler* v. *Judges,* 175 Mass. 71, and the court sustained the law. On the subject of service by mail Mr. Justice Holmes at page 79 says:

"As to claimants living within the state and known, the question seems to come down to whether we can say that there is a constitutional difference between sending notice

of a suit by a messenger and sending it by the postoffice beside publishing in a newspaper, recording in the registry, and posting on the land. It must be remembered that there is no constitutional requirement that the summons, even in a personal action, shall be served by an officer, or that the copy served shall be officially attested. Apart from local practice, it may be served by any indifferent person. It may be served on residents by leaving a copy at the last and usual place of abode. When we are considering a proceeding of this kind, it seems to us within the power of the Legislature to say that the mail, as it is managed in Massachusetts, is a sufficient messenger to convey the notice, when other means of notifying the party, like publishing and posting, also are required. We agree that such an act as this is not to be upheld without anxiety. But the difference in degree between the case at bar and one in which the constitutionality of the act would be unquestionable seems to us too small to warrant a distinction. If the statute is within the power of the Legislature, it is not for us to criticise the wisdom or expendiency of what the Legislature has done."

In *Tyler* v. *Judges*, 179 U. S. 405, the United States Supreme Court dismissed the petition on the ground that as the petitioner had actual notice he was not in a position to complain in that court of the inadequacy of the notice provided by the statute, even if such notice were inadequate.

Actual notice was received of the pendency of the registration proceeding by the defendant in this case. That is more than due process requires. If the statutory method established makes reasonable provisions for probable communication to the defendant, due process of law is satisfied, although in the particular case the defendant may have remained ignorant of the pendency of the case. *Wuchter* v. *Pizzutti*, 276 U. S., 13. That is the basis of the validity of service upon residents by leaving a copy at the usual place of residence.

In view of these provisions and the further provision giving the right of appeal and error as in other judicial proceedings, my conclusion is that the method prescribed by the statute is valid and that the judgment based on service in conformity thereto is invulnerable to collateral attack.

The motion for a new trial is therefore overruled.