ALEXANDER WEINER, INDIVIDUALLY AND AS NEXT FRIEND OF FREYDA WEINER, PLAINTIFF, v. GEORGE C. WITTMAN AND WILLIAM MITCHELL, DEFENDANTS.

Argued May 5, 1942—Decided August 27, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the rule, *J. Frank Young.*

*Contra, Peter Cohn.*

The opinion of the court was delivered by

HEHER, J. Defendants move to set aside a judgment *in personam* by default for want of service of process, and therefore lack of jurisdiction.

The action was brought to recover damages suffered by plaintiffs as the result of negligence in the operation of an automobile allegedly owned by the defendant Wittman and operated by his servant and co-defendant, Mitchell, both residents of the State of New York. The vehicle was not licensed under the laws of New Jersey. Service of the summons and complaint was made upon the Secretary of State of New Jersey on February 10th, 1927, under *chapter 232 of the laws of* 1924. *Pamph. L., p.* 517. He forwarded the papers thus served to the defendants by mail at addresses in New York provided by plaintiffs' attorney. Neither letter was returned by the postal authorities. There being no answer to the complaint, judgment interlocutory was entered

on March 16th, 1927. On March 19th ensuing, plaintiffs served upon the Secretary of State notice of their intention to have the damages assessed by a jury under rule 90 of this court. The Secretary of State also mailed this notice to each defendant, but there was no response thereto. The damages were assessed; and on April 14th, 1927, judgment final was entered. On June 11th, 1941, a wage execution was issued on the judgment against the defendant Wittman, who was then employed in this state, and thereupon the instant rule was allowed.

The judgment is a nullity for want of jurisdiction of the person. The proceeding was *coram non judice*. In *Wuchter* v. *Pizzutti*, 276 *U. S.* 13; 48 *S. Ct.* 259; 72 *L. Ed.* 446, it was held that the cited statute did not meet the requirement of due process of law since it did not contain a provision making it reasonably probable that notice of the service of process on the Secretary of State would be communicated to the nonresident defendant, and so contravened the Fourteenth Amendment of the Federal Constitution. And it does not matter that here the defendants had actual notice of the suit by the delivery of the summons and complaint mailed by the Secretary of State. That was so in the case referred to; and the ruling was that, inasmuch as such notice was not "directed by the statute," it does not operate to "supply constitutional validity to the statute or to service under it."

Invoking *Martin* v. *Condon*, 3 *N. J. Mis. R.* 726, and the holding of the Court of Errors and Appeals in the cited case of *Pizzutti* v. *Wuchter*, 103 *N. J. L.* 130, plaintiffs maintain that when the instant action was brought and the judgment therein entered the statute had been "judicially approved," and, such having then been "the state of the law," the judgment was rendered "unassailable" upon the expiration of the time for appeal, and could not thereafter be vacated "merely because of a subsequent change in the law" effected by the Federal Supreme Court's condemnation of the act as in violation of the Fourteenth Amendment; and that, moreover, defendants are precluded from relief by

laches. The cases found to support the first proposition are *Miller* v. *McCutcheon*, 117 *N. J. Eq.* 123; *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 *U. S.* 371; 60 *S. Ct.* 317; 84 *L. Ed.* 329; rehearing denied, 309 *U. S.* 695; 60 *S. Ct.* 581; 84 *L. Ed.* 1035, and *Woods Bros. Construction Co.* v. *Yankton County*, 54 *Fed. Rep.* (2d) 304. But they are plainly not in point.

There, jurisdiction of the person had been acquired; and it was sought to open a judgment or decree regularly entered for the assigned reason that the statute upon which it was rested was later adjudged to be constitutionally insufficient. This was matter relating to the merits of the action and not to the jurisdiction of the court. Here, jurisdiction *in personam* was not obtained, and the judgment was therefore void *ab initio*. Being void, it has not been vitalized by the lapse of time; and, since the jurisdictional lack is apparent upon the face of the record, there can be no doubt that it is subject to collateral attack. And it may, of course, be vacated at any time. *McKelway & Gray* ads. *Jones*, 17 *N. J. L.* 345; *Hess* v. *Cole*, 23 *Id.* 116; *Munday* v. *Vail*, 34 *Id.* 418; *McLaughlin* v. *Cross*, 68 *Id.* 599; *Blessing* v. *McLinden*, 81 *Id.* 379; *Bogan* v. *Progressive Homes Building Association*, 95 *Id.* 346; *Kaufman* v. *Smathers*, 111 *Id.* 52; *Westfield Trust Co.* v. *Court of Common Pleas*, 115 *Id.* 86; *affirmed*, 116 *Id.* 191; *Pennoyer* v. *Neff*, 95 *U. S.* 714; 24 *L. Ed.* 565; *Haddock* v. *Haddock*, 201 *U. S.* 562; 26 *S. Ct.* 525; 50 *L. Ed.* 867; *McDonald* v. *Mabee*, 243 *U. S.* 90; 37 *S. Ct.* 343; 61 *L. Ed.* 608; *Hess* v. *Pawloski*, 274 *U. S.* 352; 47 *S. Ct.* 632; 71 *L. Ed.* 1091. The elements of an estoppel *in pais* are not to be found.

The rule is made absolute, without costs.