### ST. CLAIRE v. ELLER et al.

### DAVIS v. ELLER et al.

#### Nos. 366, 367.

United States District Court
W. D. Missouri, Central Division.

Nov. 19, 1948.

134

Bradshaw & Fields and John F. Low, all of Lebanon, Mo., for plaintiffs.

Ragland, Otto, Potter & Embry and Forrest P. Carson, all of Jefferson City, Mo., for defendants

REEVES, Chief Judge.

Whatever the title of the motion, the effect is to challenge the constitutional validity of an Act of the General Assembly of the State of Missouri approved June 26, 1941 and found in the Laws of Missouri, 1941, at page 435 and following pages, Mo. R.S.A. § 8410.1 et seq. In each case the defendants are non-residents of Missouri and there is a diversity of citizenship because the plaintiff is a resident of a state different from that of the defendants.

Plaintiff in each case claims to have suffered injuries from an automobile accident within the State of Missouri. Suit was brought in the Circuit Court of Camden County, Missouri, against the several defendants. Plaintiffs then endeavored to serve process in conformity with the provisions of the statute mentioned. This statute may be found in 18 Mo.R.S.A. § 8410.1 and the following sections. It is the contention of counsel for the defendants, as appears from an elaborate brief, that the statute violates the due process provisions of the Fourteenth Amendment to the Constitution of the United States. The said sections of the statute relate to civil actions against non-resident motor car owners and are conformable with similar statutes in many of the states.

In the much discussed case of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L. Ed. 446, 57 A.L.R. 1230, may be found reason which permeates all of the other cases. The broad principle announced in that case, 276 U.S., loc. cit. 18, 48 S.Ct. 259, is that the use of the highways of a state by a non-resident may be treated by law as the equivalent of an appointment by the non-resident of a state official as his agent upon whom service of process might be had.

The reasoning followed that of the case of Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. In the Pawloski case it was held that the act of a non-resident in using the highways of another state may properly be declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile. In the Pizzutti case, however, the court said that [276 U.S. 13, 48 S.Ct. 260]:

"* * * the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant * *."

The Missouri statute, Section 8410.5, 18 Mo.R.S.A., requires this precise procedure. Note the language:

"The Secretary of State shall immediately mail to the defendant, * * * by restricted, registered mail, addressed to the defendant at his last known address, residence, or place of abode, a notification of said service of process upon the Secretary of State, or his Chief Clerk as herein provided; * * *."

Even the form of the notification is set out in the statute. See Section 8410.6, 18 Mo.R.S.A.

In a somewhat analogous case, American Power & L. Co. v. S. E. C., 329 U.S. 90, loc. cit. 107, 67 S.Ct. 133, loc. cit. 143, 91 L. Ed. 103, where, in discussing the matter of notice, the court not only upheld the administrative procedure but said:

"The short answer is that such a contention can be raised properly only by a security holder who has suffered injury due to lack of notice or opportunity for hearing."

The court further said, 329 U.S. loc. cit. 108, 67 S.Ct. loc. cit. 144, that a failure to give notice "would at most justify an objection to the administrative determination rather than to the statute itself." On the same page, in further discussing the statute, the court said: " * * * that § 11(b) (2) [15 U.S.C.A. § 79 K(b) (2)], fairly construed, neither expressly nor impliedly authorizes unconstitutional procedure."

In like manner, in International Shoe Co. v. Washington, 326 U.S. 310, loc. cit. 320, 66 S.Ct. 154, loc. cit. 160, 90 L.Ed. 95, 161 A.L.R. 1057, the court aptly answers the principal arguments of counsel by the following language:

"Nor can we say that the mailing of the notice of suit to appellant by registered mail at its home office was not reasonably calculated to apprise appellant of the suit."

The law presumes that the Secretary of State complied with the statute when process was served upon him although no affidavit of service appears among the files.

In the case of Griffin v. Griffin, 327 U.S. 220, loc. cit. 228, 66 S.Ct. 556, loc cit. 560, 90 L.Ed. 635, in discussing a judgment in personam the court announced the familiar doctrine that such a judgment could not be rendered "without some form of notice by personal or substituted service."

In the rather recent case of Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, loc. cit. 791, the court said:

"It is settled that, given the proper procedural support for doing so, a state may give judgment in personam against a nonresident, who has only passed through its territory, if the judgment be upon a liability incurred while he was within its borders."

· In this case the service has "procedural support" approved by the courts.

In view of the above, the motion to quash service because of the alleged constitutional invalidity of the statute mentioned should be overruled.