## CIRCUIT COURT OF ARLINGTON COUNTY

Cathcart

v.

Boughton et al.

March 2, 1976

Case No. (Law) 18449

BY JUDGE CHARLES H. DUFF

I have carefully considered the arguments presented and the authorities cited in support of the defendant's Motion to Quash Process and am of the opinion that the motion should be denied.

In essence, defendant, appearing specially, contends that § 8–67.2 of the Code is unconstitutional in that it does not make reasonable provision for the probable communication of notice of the pending suit to the defendant. Cited in support thereof are two Circuit Court decisions, *Liggan v. Allen* (Circuit Court of Henrico County) and *Deel v. Presley* (Circuit Court of Fairfax County).[1] In examining Judge Simpkins' letter opinion in the *Liggan* case, I note that his concern of the constitutionality of the statute is directed to those instances "where the affiant states he does not know the defendant's address, is unable to ascertain it, and there is no effort by the Commissioner to notify the defendant in any way." Assuming unconstitutionality under those facts, the opinion does not persuade in the case at bar as the facts are different. In his letter regarding the *Deel* decision, Judge Millsap does not state the facts involved, but I am assuming that it was a case where either no address for the defendant was known or the address given was known to the inaccurate. The decision under such circumstances would be compatible with my view of the law, but again, such are not the facts at bar. Judge Millsap cites *Wuchter v. Pizzutti*, 276 U.S. 13 (1928), in holding the Code section unconstitutional.

---

[1] Circuit Court of Fairfax County, Case No. (Law) 33169 (June 3, 1975). [Reporter's Note.]

*Wuchter* was a 1928 decision based upon the New Jersey non-resident statute. No provision whatsoever was made in the statute for the Secretary of State to forward the notice of suit to the non-resident driver. The Supreme Court held that the statute did not make reasonable provision for communication to the proposed defendant and was thus unconstitutional. I am of the opinion that the Virginia statute clearly remedies the deficiencies found in the *Wuchter* decision.

In *Carroll v. Hutchinson*, 172 Va. 43 (1939), the then Supreme Court of Appeals specifically held that the Virginia statute made reasonable provision for probable communication and was constitutional. The statute then existent has been amended subsequently with provision for the "last known address to be that shown on the copy of a report of accident filed by the non-resident . . . ." I feel bound by the definitive holding of the highest court of this jurisdiction that this statute does make reasonable provision for probable communication.

This is not an instance where there is no last known address. Here a last known address was furnished, it being the address on the accident report. Under these facts, I am of the opinion that the statute is clearly constitutional.