## CYPRESS CREEK FARMS *v.* L'ANGUILLE IMPROVEMENT DISTRICT NO. 1

81-156                                    626 S.W. 2d 357

Supreme Court of Arkansas
Opinion delivered January 11, 1982

*Butler, Hicky & Hicky, Ltd.,* by: *Steve Routon,* for appellant.

*Shaver, Shaver & Smith,* by: *Tom B. Smith,* for appellee.

RICHARD B. ADKISSON, Chief Justice. By order of December 27, 1979, the Cross County Circuit Court established the L'Anguille Improvement District No. 1, hereinafter District, which included parts of Woodruff, Cross, St. Francis, and Lee Counties. Prior notice of the hearing was given by publication for two weeks in a newspaper having general circulation in each county of the District. It is

admitted that all proceedings were conducted in accordance with the provisions of Ark. Stat. Ann. § 21-1001 — 1002 (Repl. 1980) and that appellant did not appeal the order creating the District within 30 days as required by § 21-1002.

On March 27, 1980, appellant filed a motion to set aside the order forming the District on the grounds that the notice by publication permitted by Ark. Stat. Ann. § 21-1001 (Repl. 1968) was unconstitutional as a violation of his right to due process. This appeal is from the court's order denying this motion. We affirm.

The District encompassed 350,000 acres in Woodruff, Cross, St. Francis, and Lee Counties, Arkansas. Appellant is a partnership owned in part by Edward P. Russell, a resident of Memphis, Tennessee. Appellant owns 240 acres which is part of 124,192.93 acres included within the District in St. Francis County.

After a petition for formation of the District was filed, notice of the hearing on the petition was given pursuant to Ark. Stat. Ann. § 21-1001:

> Upon the filing of said petition, the petition shall be presented to the Judge of the Circuit Court, either in term or vacation, and the Court shall make an Order directing the Clerk of the Circuit Court in which the petition is filed to give notice by publication for two (2) weeks in some newspaper or newspapers published and having a general circulation in each of the Counties embraced within the proposed boundaries of said district, calling upon all persons owning property therein to appear before the Court on some day to be fixed by the Court to show cause in favor of or against the establishment of said district.

An appeal from an order granting the petition is provided by Ark. Stat. Ann. § 21-1002:

> The Order of the Circuit Court establishing the said district shall have all of the force and effect of a judgment. Any owner of real property within the

district may appeal from said judgment within thirty (30) days after the same has been made, but if no appeal is taken within that time, such judgment authorizing and creating the district shall be deemed conclusive and binding upon all of the property within the bounds of the district and upon the owners thereof; and any owner of property in the district may within a like manner appeal from any order refusing to establish such district.

Evidence presented at the hearing on appellant's motion reflects that tax notices on this property for the past few years had been sent to Cypress Creek Farms, c/o Edward P. Russell, Union Planters Bank Building, Memphis, Tennessee, 38103, and that appellant had no actual notice of the proceeding regarding the formation of the District until informed of its existence on March 25, 1980. Appellant acknowledges that notice was given in accordance with the statutory provisions for notice in § 21-1001, but argues that such notice is void and unconstitutional as to him for failure to comply with the due process clause of the Fourteenth Amendment. Appellant argues that he had involved substantial property rights and due process required that he be given notice by certified mail, which he argues was the only means available that could reasonably convey to him the information regarding the formation of the District.

The hearing to establish the District is the only opportunity a landowner has to contest the necessity of the inclusion of his land in the District. The land included will then be subject to having benefits or damages assessed. Ark. Stat. Ann. § 21-1005 (Repl. 1968). Therefore, substantial property rights of appellant were involved at the hearing to establish the District, and before such right could be affected, he was entitled to notice and opportunity for hearing appropriate to the nature of the case. *Mullane* v. *Central Hanover B. & T. Co.*, 339 U.S. 306 (1950).

Although appellant's substantial property rights were involved at the hearing on the formation of the District, appellant is not necessarily entitled to notice by mail. The United States Supreme Court stated in *Mullane* that it "has

not hesitated to approve or resort to publication as a customary substitution in another class of cases where it is not reasonably possible or practical to give more adequate warning." Statutes are presumed to be constitutional and there is no evidence of record that the statutory notice was not appropriate to the nature and circumstances of this case. In St. Francis County there was involved in the District 124,192.93 acres, of which 240 acres were owned by appellant. The record does not reflect the number of persons owning the various parcels of land within the District but even if a small town was included in the District, the number of owners requiring notice by certified mail would likely be in the thousands. In any event, appellant has not shown that the statute providing for notice by publication is unconstitutional. Therefore, we are unable to say that the trial court's decision that the statutory notice was sufficient is clearly erroneous.

Questions regarding the adequacy of the notice of assessment of benefits and damages are not before this Court in this case. Also not before the Court is the adequacy of notice to bar a suit for damages. Our decision is limited to the sufficiency of the notice in establishing the District.

Affirmed.

GEORGE ROSE SMITH, J., concurs.

HICKMAN and PURTLE, JJ., dissent.

GEORGE ROSE SMITH, Justice, concurring. This is not a condemnation proceeding in which the appellant's land is about to be taken. All the appellant alleges is that certain landowners filed a petition to form a district to improve the L'Anguille River. Notice by publication was given, under the statute, of a hearing for the determination of whether the district should be formed. Presumably the matter was of sufficient local interest to put resident landowners on notice that the question of improving the river was at issue. The appellant has not alleged anything to the contrary. I do not think that with respect to the mere formation of the district there is any due process requirement that all landowners be

made defendants by name, with service of process upon residents and the appointment of attorneys ad litem for nonresidents. yet that is what the appellant contends. There is no threat to the appellant's land until benefits, if any, have been assessed and taxes have been levied. At that time the appellant may have a ground for complaint under the due process clause, but that point in the proceeding is not shown to have yet been reached.

It is immaterial that the point was not argued below, as the dissenting opinion notes, for we affirm a correct decision even though the right reason was not given by the trial court. *Reeves* v. *Ark. La. Gas Co.*, 239 Ark. 646, 391 S.W. 2d 13 (1965).

DARRELL HICKMAN, Justice, dissenting. The majority has reduced the due process clause of the fourteenth amendment to a mumble of words which have no actual meaning. That clause has to be the most important legal phrase in our body of law and its application and enforcement should always be of paramount consideration.

This case focuses on the question of notice and its place in due process of law. The appellants are landowners in St. Francis County, Arkansas, but they reside in Tennessee. A large improvement district was proposed in Eastern Arkansas encompassing lands in four counties: Woodruff, Cross, St. Francis and Lee. The petition was filed in Cross County and owners of land in St. Francis County were notified by a publication in a St. Francis County newspaper. Only land descriptions were used to identify interested parties. It is undisputed the appellants had no actual notice. It is also undisputed that the appellants were regularly mailed notice of their real property taxes by St. Francis County. The majority concedes that the appellants have substantial property rights which are involved in the legal proceedings. Therefore, we have a real due process question.

On the basis of an Arkansas statute that permits notification by publication, the majority finds that due process of law was afforded in this case. There was no evidence that it would have been totally impractical or

unreasonable to require a better form of notice, one that would have been more reasonably calculated to apprise all interested parties of the pending action. Indeed a method of such notice was readily at hand — the county had a list of property owners and regularly mailed tax notices to those owners.

The majority concedes that the record does not reflect the number of persons owning parcels of land, nor the number of parcels in the proposed district. But the opinion goes on to say that " . . . even if a small town was included in the District, the number of owners requiring notice by certified mail would likely be in the thousands." I do not find that convenient fact in the record.

No doubt in a good faith effort, the majority quotes from the case of *Mullane* v. *Central Hanover B & T Co.*, 339 U.S. 306 (1950) as authority for its decision. The case holds exactly to the contrary and language in the case explains the Court's attitude toward due process of law.

> . . . The fundamental requisite of due process of law is the opportunity to be heard. *Grannis* v. *Ordean*, 234 U.S. 385, 394. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.

> . . . An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .

> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected,

compare *Hess* v. *Pawloski*, 274 U.S. 352 with *Wuchter* v. *Pizutti*, 276 U.S. 13, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice, we are unable to regard this as more than a feint.

The attempt to notify the appellants in this case was as Justice Jackson said "no more than a feint."

It is suggested in a concurring opinion that this was not a critical stage of the litigation requiring notice to the appellant. This issue was not directly argued below, both parties conceding that the issue was whether the notice was constitutional.

PURTLE, J., joins in this dissent.