OPINION OF THE COURT
Martin B. Stecher, J.
The respondent, Bill Wolfe, moves to “dismiss” the proceeding against him and to quash a subpoena duces tecum served on him by mail pursuant to court order. He has obtained a temporary restraining order from a Justice of the Supreme Court, Nassau County, restraining the Attorney-General from seeking to enforce the subpoena during the pendency of this investigation.
The application is made solely on the affirmation of Wolfe’s attorney. It is hearsay and no reliance is placed on its factual allegations. Both the Attorney-General and Mr. Wolfe’s attorney, Mr. Plutzer, acknowledge that in 1983, Wolfe was a principal of Empire State Metals, Inc., that he operated Empire from Nassau County and that he has now moved his residence to Florida. It is alleged that Empire was engaged in the fraudulent sale of gold future contracts.
As to the application for dismissal of the proceeding: it is denied for there is no proceeding to dismiss. The Attorney-General is authorized by law (General Business Law, art 23-A) *279 to investigate frauds; to issue subpoenas (General Business Law, § 352, subd 2); and seek the enforcement of his subpoenas (CPLR 2308, subd [b]).
The contention is made that service by mail is “unconstitutional.” No section of the Constitution or case is cited. There is no constitutional inhibition to such service. The Constitution, under the due process clause, does not prescribe a mode of service; it only requires that the method chosen be reasonably calculated to give full and timely notice of the proceeding and an opportunity to be heard (Wuchter v Pizzutti, 276 US 13, 24; cf. National Rental v Szukhent, 375 US 311, 315). This motion demonstrates that service by mail met constitutional standards.
Finally, Wolfe would quash the subpoena because, his attorney says, it was made under section 352-b of the General Business Law, which is designed to reach nonresidents doing or soliciting business here. Mr. Plutzer adopts the strange stance that merely by moving his residence to Florida Wolfe may frustrate the investigation; that had Wolfe been a nonresident soliciting in New York the subpoena would meet the statutory test, but having been a resident and then removing himself, he insulates himself from the subpoena. A subpoena may be served in the same fashion as a summons (CPLR 2303) and where the court is satisfied that traditional modes are or will be unavailing, it may fashion another (CPLR 308, subd 5). It is not necessary that usual methods be attempted first; the statute was designed for the impracticable case (Liebeskind v Liebeskind, 86 AD2d 207, affd 58 NY2d 858).
The motion is denied and the provision of the order dated February 1, 1984, by which the Attorney-General was “stayed and restrained” is vacated. The said Bill Wolfe shall appear as required by the orders of Justices Hughes and Sandifer within three days after service on his attorneys of a copy of this order with notice of entry.