*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN ALEXANDER HAMOOD,

　　　　　Plaintiff-Appellee,

v

ZENMUSE, LLC,

　　　　　Defendant-Appellant.

UNPUBLISHED
September 24, 2020

Nos. 347834; 348138
Wayne Circuit Court
LC No. 17-013904-CZ

ZENMUSE, LLC,

　　　　　Plaintiff-Appellant,

v

JAMAL JOHN HAMOOD,

　　　　　Defendant-Appellee.

No. 348410
Wayne Circuit Court
LC No. 19-001530-CZ

Before: LETICA, P.J., and FORT HOOD and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

　　　　I concur with the majority's resolution of the dispositive issues presented in this case. I write separately to suggest that an additional argument raised by ZenMuse has merit.

　　　　The majority holds that Nathan Hamood properly served ZenMuse under MCR 2.105(H)(1), which provides that "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." I respectfully disagree that ZenMuse was properly served and would hold that personal jurisdiction was never acquired, rendering the judgment void and capable of being set aside under MCR 2.612(C)(1)(d).

Nathan Hamood commenced a lawsuit against ZenMuse, a California limited liability corporation, in September 2017. He "served" ZenMuse by sending the complaint to ZenMuse, allegedly by certified mail, in care of the administrator for the State of Michigan Department of Licensing and Regulatory Affairs (LARA)'s Corporations, Securities, and Commercial Licensing Bureau in Lansing.[1] Nathan made no effort to serve ZenMuse through its official registered agent, Paracorp, Inc., despite that ZenMuse was in good standing in California at the time, and had officially designated Paracorp as its registered corporate agent. It took me less than five minutes to find the relevant information on-line, despite that ZenMuse no longer does business in California: see <https://businesssearch.sos.ca.gov/CBS/SearchResults?filing=&SearchType= LPLLC&SearchCriteria=ZenMuse&SearchSubType=Keyword> (accessed September 8, 2020). Had Nathan made a minimal effort, he would have learned that ZenMuse had a registered agent in California that could have been served, making it reasonably likely that the corporation would have had actual notice of the suit.

In August 2016, a year before Nathan filed his lawsuit, ZenMuse elected to cease doing any business in Michigan. To officially withdraw its Michigan corporate status, ZenMuse executed a form prepared by LARA's Corporations, Securities, and Commercial Licensing Bureau. ZenMuse *had* to execute the form to successfully surrender its "authority to transact business or conduct affairs in Michigan." See <https://www.michigan.gov/documents/lara/761_10-15_528298_7.pdf> (accessed September 8, 2020). The form states that as a condition of withdrawal, ZenMuse revoked the "authority of its resident agent to receive service of process *in this state*" and "consent[ed]" to instead permit service of process on LARA's administrator, *id.* (emphasis added):

> The limited liability company revokes the authority of its resident agent to receive service of process in this state and consents that service of process in any action, suit, or proceeding based upon any cause of action arising in this state during the time the foreign limited liability company was authorized to transact business in this state may thereafter be made on the company by service upon the administrator. [*Id.*]

The form also permitted ZenMuse to identify a person or entity to whom the LARA administrator could mail the process. ZenMuse named a law firm that represented Anita Baker at the time ZenMuse filed its withdrawal paperwork; Baker contends that the firm no longer represented her at the time Nathan's suit was filed. Regardless, no law mandated that the LARA administrator serve ZenMuse or the law firm, and no evidence of record supports that the administrator did so. As discussed below, absent any requirement of attempted service directly on ZenMuse, service on the LARA administrator alone did not afford ZenMuse constitutionally sufficient notice of the suit.

The majority interprets MCR 2.105, the court rule generally governing the "manner of service" for individuals and corporations, as permitting service on the LARA administrator alone because the administrator was "authorized by written appointment or by law to receive service of process." MCR 2.105(H)(1). I respectfully disagree that service on the LARA administrator

---

[1] The United States Postal Service certification reflecting receipt is not in the record. Instead, Nathan supplied a photograph of a certified mail receipt which is difficult to interpret.

fulfilled the court rule's requirements. MCR 2.105(D) addresses service of process on "[p]rivate corporations, domestic and foreign." It provides as follows:

> Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer *and* to the Michigan Bureau of Commercial Services, Corporation Division if
>
> > (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
> >
> > (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
> >
> > (c) the corporation's term of existence has expired. [Emphasis added.]

This rule substantiates that service should be made on a corporate officer or resident agent and sets forth alternative service methods applicable when a corporation no longer exists or has no resident agent in Michigan. But when Nathan filed suit, ZenMuse *did* exist. It had a corporate officer (Anita Baker), and a registered agent in California. And even if subsection (4) applied, service by registered mail "to the corporation or an appropriate corporation officer" was required in addition to service on the Michigan Bureau of Commercial Services, Corporation Division.

The court rule is substantially similar to MCL 600.1920, which also sets forth alternative methods for serving "a corporation, whether domestic or foreign[.]" In relevant, part, the statute provides that service may be made by:

> (4) mailing a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer *and* to the Michigan corporation and securities commission if:
>
> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of such appointment as by law required; or

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise, or the term of whose existence has expired by limitation. [Emphasis added.][2]

The statutory language lends further support to my contention that ZenMuse was not properly served.

"[W]here a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). The same principle applies to the interpretation of court rules. *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014). Alternatively, apparently conflicting provisions should be construed harmoniously to avoid a construction that impliedly eliminates the effect of one rule in favor of another. See *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 651-652; 852 NW2d 865 (2014). And when it comes to service of process, we must also bear in mind that the court rules "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1).

These principles compel the conclusion that as the more specific provision, MCR 2.105(D) applies in this case, and not subsection (H). At the time Nathan filed this action, ZenMuse was an active California corporation with an identified agent for service of process. Under subsection (D)(1), Nathan should have served ZenMuse by serving a copy of the complaint on Baker or ZenMuse's registered agent. A fallback method permitted him to achieve service by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer *and* to the Michigan Bureau of Commercial Services, Corporation Division[.]" MCR 2.105(D)(4) (emphasis added.) Thus, the statute and the court rule require *dual* service on a corporate officer *and* a LARA administrator. If none of these methods of service were feasible— a fact not demonstrated here—MCR 2.105(H)(1) potentially would come into play. But that rule was inapplicable because under the circumstances presented, it did not provide for constitutionally sufficient service.

Almost 100 years ago, the Supreme Court of the United States held unconstitutional a New Jersey long-arm statute authorizing service on the secretary of state as statutory agent for a nonresident defendant. *Wuchter v Pizzutti*, 276 US 13; 48 S Ct 259, 72 L Ed 446 (1928). The statute at issue in *Wuchter* did not mandate that the secretary provide the defendant with the summons, and for that reason was declared constitutionally invalid. *Wuchter* instructs that "service on a state official or agency does not obviate the necessity for constitutionally sufficient notice to the defendant." *Miserandino v Resort Props*, 345 Md 43, 58; 691 A2d 208 (1997). In *Wuchter*, the defendant actually did receive a copy of the summons in the mail. Receipt did not eliminate the constitutional problem, because the statute under which service was obtained did not ensure the reasonable probability of actual notice. The United States Supreme Court elaborated:

---

[2] Nathan apparently violated the court rule and the statute by using certified rather than registered mail.

-4-

Every statute of this kind, therefore, should require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant. [*Wuchter*, 276 US at 20.]

*Wuchter* remains good law. For that reason, service on LARA's administrator alone is insufficient to satisfy due process requirements. See also *Howard v Jenny's Country Kitchen Inc*, 223 FRD 559, 564-565 (D Kan, 2004).

That ZenMuse executed a form designating LARA's administrator service as the recipient of service does not mean that ZenMuse *voluntarily* consented to service only through the administrator, or that serving the administrator alone was constitutionally satisfactory. The form cannot displace the court rules' service of process requirements. And service under MCR 2.105(H)(1) was not "the best means available under the circumstances" to inform ZenMuse of the action that had been filed against it. For these reasons, I would hold that ZenMuse was never properly served, rendering Baker's knowledge of the lawsuit irrelevant. On this basis, I fully concur with the majority's holding that the default judgment in Nathan's case must be set aside.

/s/ Elizabeth L. Gleicher